**Keith Alan CHURCH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 53235.**

Court of Criminal Appeals of Texas.

June 8, 1977.

Rehearing Denied June 29, 1977.

Will Gray, Houston (on appeal only), for appellant.

Carol S. Vance, Dist. Atty., Alvin M. Titus and Stu Stewart, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

Keith Alan Church was indicted for aggravated rape. He was convicted for attempted aggravated rape. Punishment was assessed by the jury at twenty years. He appeals.

He challenges the sufficiency of the evidence to show that the attempted rape was aggravated. He admits that the evidence would have been sufficient to support a conviction for attempted rape but contends that there was no evidence that he attempted to compel "submission to the rape by threat of death, serious bodily injury, or kidnapping to be imminently inflicted on anyone", under V.T.C.A., Penal Code, Section 21.03(a)(2).

The record reflects that M.D., the prosecutrix, lived in a Houston apartment complex with her two children. John Young, an employee of the complex, lived in an apartment nearby with his wife and mother-in-law, Mrs. Erva Harris.

On the evening of November 10, 1974, M.D. left her children with Mrs. Harris and went to a birthday party. When she returned two hours later she parked her automobile near her patio gate. At this time appellant drove up at a high rate of speed and struck another vehicle as he attempted to park.

Before M.D. reached the gate appellant grabbed her from behind. He put his arm around her neck and held an object against her throat. He told her to remain quiet and to come with him to his car. She said she would not go with him and asked him what he wanted. He replied that he wanted to have sex with her. She grabbed the gate but did not scream because she was afraid. He pulled her from the gate and got her between two cars.

M.D. testified that the following occurred after she was on the ground:

"A. Well, we went down on the ground and I was with my head in the gutter and he got on top of me and pulled everything down.

\*     \*     \*     \*     \*     \*

"Q. What did he do with your garments from your waist down?

"A. He pulled them down, I would say midway from my legs to my ankles.

"Q. At that time had you realized or did you know what he had in his hand?

"A. By that time I had a glance at it and I saw it was a knife.

\*     \*     \*     \*     \*     \*

"A. I saw him put it down.

"Q. Okay. How did he get your pants off?

"A. He ripped them.

"Q. What did he do about his clothing?

"A. He started taking off his clothes, undid his belt and, you know, slipped his pants—pulled them down."

Appellant was on top of M.D. having intercourse for approximately five minutes but was prevented from completing the act by the arrival of John Young and Erva Harris at the scene. Young knocked him off of M.D. Appellant then escaped on foot but left his automobile at the scene.

After the police determined that appellant owned the automobile and arrested him later, M.D., Young and Harris all identified him as the attacker. The knife was found at the scene.

The record also reflects that M.D. suffered a superficial laceration around the neck area, several smaller scratches on one of her wrists, and a bruise over her lower spine. Since there was no serious injury, the State was required to prove that appellant attempted to compel the prosecutrix to submit to rape "by threat of death, serious bodily injury, or kidnapping to be imminently inflicted on anyone." Section 21.-03(a)(2), supra.

■ There was no evidence of a direct threat to kill or injure M.D. But the jury was authorized to conclude that appellant threatened M.D. with death or serious bodily injury by holding the knife to her throat when he grabbed her. A threat can be communicated by action or conduct as well as verbally. *Blount v. State*, 542 S.W.2d 164 (Tex.Cr.App.1976); *Most v. State*, 386 S.W.2d 537 (Tex.Cr.App.1965). And in *Twomey v. State*, 520 S.W.2d 784, 786 (Tex. Cr.App.1975), we quoted with approval from *DeVonish v. State*, 500 S.W.2d 800, 802 (Tex.Cr.App.1973), and 4 Branch's Ann. P.C.2d, Section 1956, page 281, as follows:

"When both force and threats are alleged, and there is evidence of each it is not necessary that either the force or the threats alone measure up to the standard of the statutory definition; the cogency which one contributes to the other may be sufficient to constitute all that is required."

Viewing the evidence in the light most favorable to the verdict, we conclude that the evidence is sufficient to establish the offense of attempted aggravated rape. Cf. *Twomey v. State*, supra, and *Blount v. State*, supra. The evidence that the prosecutrix still had a piece of cake from the party in her hand when she was thrown on the ground does not negate the evidence of the threat and force to commit rape.

The present case is different from *Blount*, supra, relied upon by appellant, be-cause the evidence in that case did not show that the knife was exhibited before the intercourse.

Appellant next contends that the indictment is fundamentally defective because it fails to charge the offense of aggravated rape as set forth in Section 21.03(a)(2), supra.

The indictment alleges, in pertinent part, that appellant "did then and there unlawfully, intentionally and knowingly by force and by threatening the imminent infliction of serious bodily injury and death to M——— D———, a female not his wife and hereafter styled the Complainant, have sexual intercourse with the Complainant and without the consent of Complainant."

■ Appellant argues the indictment is fundamentally defective because it fails to allege that appellant *compelled the prosecutrix to submit to rape.* It does, however, allege that appellant by force and threat of imminent infliction of serious bodily injury and death had sexual intercourse with the prosecutrix without her consent. We perceive no material difference between the two allegations. A reasonable reading of the entire indictment is that the prosecutrix was compelled to submit to appellant's act by force and threats. See *Watson v. State*, 548 S.W.2d 676 (Tex.Cr.App.1977), and *Childs v. State*, 547 S.W.2d 613 (Tex.Cr. App.1977).

Article 21.17, V.A.C.C.P., provides:

"Words used in a statute to define an offense need not be strictly pursued in the indictment; it is sufficient to use other words conveying the same meaning, or which include the sense of the statutory words."

■ Appellant next contends that the court's charge is fundamentally erroneous. No objection was made to the charge. His complaint, as we understand it, is that paragraph ten of the charge impermissibly combined the element of force, as set out in V.T.C.A., Penal Code, Section 21.03(a)(1), with the element of threats, as set out in Section 21.03(a)(2), supra. The charge reads, in material part, as follows:

"In this case, you must find from the evidence beyond a reasonable doubt that the defendant attempted to have sexual intercourse with M_____ D_____ by force and by threatening the imminent infliction of serious bodily injury or death to M_____ D_____, and before you would be warranted in finding the defendant guilty of attempted aggravated rape, you must be satisfied from the evidence beyond a reasonable doubt that the attempted sexual intercourse if any, by the defendant, was attempted by the use of force and by threatening the imminent infliction of serious bodily injury or death to M_____ D_____ and a lack of consent on the part of M_____ D_____.

"Now if you find from the evidence beyond a reasonable doubt, that on or about the 10th day of November, 1974, in Harris County, Texas, the defendant, Keith Allen Church, did without the consent of M_____ D_____, a female, and by the use of force and by threatening the imminent infliction of serious bodily injury or death to M_____ D_____, attempt to have sexual intercourse with the said M_____ D_____, who was not then and there the wife of the said defendant then you will find the defendant guilty of attempted aggravated rape.

"Unless you so find beyond a reasonable doubt, you will acquit the defendant on the charge of attempted aggravated rape."

Appellant further asserts that the error is compounded in paragraph eleven where the court charged on the "use of actual force or threat of force" as a prerequisite to a determination of attempted rape and then required a finding that the prosecutrix submitted "by the use of force" as previously defined. He therefore argues that paragraphs ten and eleven, when read in conjunction with the abstract charge on rape which required a finding of force or threats as defined in Section 21.02(b)(1) and (2), effectively eliminated the element of threats in connection with the law of attempted rape. Thus, he contends the jury was precluded from finding him guilty of the lesser offense of attempted rape.

A determination of aggravated rape can rest on a finding of rape as defined in V.T.C.A., Penal Code, Section 21.02, and either a finding of serious bodily injury or an attempt to cause death to the prosecutrix *or* threats to anyone of imminent infliction of death, serious bodily injury, or kidnapping. The court properly charged on the law of aggravated rape. The court's charge on the law of attempted aggravated rape, attempted rape, and rape was substantially correct. Taken as a whole, the charge authorized a finding of attempted rape even if threats as well as force were employed by appellant in the course of the criminal act. No reversible error is shown.

Appellant next contends that the trial court erred in admitting testimony concerning the presence of his attorney at a police lineup where appellant was identified as the rapist.

The evidence concerning defense counsel's presence at the lineup was first elicited by him. On cross-examination of John Young, the record reflects:

"Q. Are you saying that your identification was made under circumstances that you have no doubt whatsoever that this defendant is the person that you saw committing this act?

"A. That's right. You were also present at the lineup when I picked him out, too."

The court sustained counsel's objection to the response. The following then occurred:

"Q. Now, when you were at the lineup, did some police officer counsel with you before you went to the lineup?

"A. He told me not to speak to anyone.

"Q. Including me, is that correct?

"A. Including you because I didn't know who you were at the time."

Defense counsel elicited similar evidence on cross-examination of Erva Harris:

"Q. Okay. Do you recall seeing me at the showup?

"A. Seeing what?

"Q. Seeing me at the showup?

"A. Yes, I recall.

"Q. When you came out of the room, did you not tell me that it looked like him but you're not sure?

"A. No. I didn't. I sure didn't."

 If there was any error in the testimony of Officer White about counsel being present at the lineup, it was harmless because counsel had elicited the same testimony from other witnesses. Cf. *Simmons v. State*, 504 S.W.2d 465 (Tex.Cr.App.1974).

Next appellant contends that he was denied the effective assistance of counsel because it was shown that his counsel was present at the police lineup. We perceive no error in this contention.

Appellant's final contention is that the attorney-client privilege was violated and he was denied effective assistance of counsel because counsel at trial was compelled to testify to rebut the State's testimony concerning counsel's presence and activities at the lineup.

No communication between counsel and appellant was disclosed. Hence the attorney-client privilege was not invaded. Article 38.10, V.A.C.C.P. Moreover, we perceive no denial of the effective assistance of counsel.

The judgment is affirmed.