James **GILL**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 62308.

Court of Criminal Appeals of Texas, Panel No. 3.

Jan. 30, 1980.

**698**

James T. Flynt, Mineola, for appellant.

Robert Huttash, State's Atty. and Alfred W. Walker, Asst. State's Atty., Austin, for the State.

Before ROBERTS, PHILLIPS and DAL-LY, JJ.

### OPINION

ROBERTS, Judge.

The appellant was granted ten years' probation in 1973 after pleading guilty to the offense of sale of marihuana. We reversed the first attempt to revoke this probation because the evidence was insufficient. See *Gill v. State*, 556 S.W.2d 354 (Tex.Cr.App. 1977). This is an appeal from the second attempt to revoke probation.

Again the State alleged that the appellant "did on or about the 12th day of November, 1976, associate with a disreputable person, one DANNY RAY OSBOURN, whom he knew to be an escaped felon." Again the State offered testimony that the appellant, Osbourn, and James Smith were together in an automobile when they were arrested for public intoxication on November 12, 1976. Again the sheriff testified

that, the day before, he had warned the appellant that "Danny Ray had got out [of jail] and that he couldn't stand to be caught with him because James was on parole [sic]." To that testimony, which we previously held to be insufficient, the State made significant additions.

The sheriff testified that the appellant and Osbourn had known each other before either of them was in jail, that Osbourn was in jail for a probation violation, and that the appellant had visited Osbourn in jail. He testified that Osbourn had escaped from jail on November 9, 1976. The State also called the probation officer who supervised both the appellant and Osbourn. He testified:

"I told him that Danny Ray was in jail, that he was a felon and that he didn't need—if he got out, if he escaped, got out or what, he did not need to be associated with him; that we had rumors that Danny Ray was going to try to get out of jail.

\* \* \*

"I informed him that if such was to happen, for him to stay away from him and not go around him, that he was also on felony probation and according to his conditions of probation, the two parties were not to be associated with each other."

The evidence thus reflects that the appellant and Osbourn had associated before, that the appellant knew that Osbourn was an incarcerated felon, and that the appellant had been told expressly Osbourn was one of the "disreputable persons" whom the appellant was obliged by the conditions of his probation to avoid. The trial court also could find that the appellant knew that Osbourn had escaped from jail. The evidence of violation was sufficient.

The appellant next contends that there was no proof that he was the person who had been granted probation in this cause. The State attempted to prove this fact by the testimony of the probation officer, who was present in the courtroom when "one James Everett Gill was placed on probation." When the State asked the witness to point out James Everett Gill, the appellant's counsel said:

"Your Honor, I object to that. It is rather obvious that Mr. Gill is the man seated to my right. If he was seated out in the audience I can understand it but it is rather obvious that Mr. Gill is the defendant in this case and if he wants to say, 'Yes, that is him,' but I think it is unfair advantage to have him point out the man sitting next to me."

The court sustained the objection, and the State did not again ask the probation officer to identify the appellant. Later other witnesses did identify "the gentleman sitting at the table" as being James Everett Gill. Therefore it was proved that James Everett Gill was the probationer in this cause and that the appellant was James Everett Gill. We also have the statement of the appellant's counsel that, "It is rather obvious that Mr. Gill is the man seated to my right." We hold that there was sufficient evidence to prove that the appellant was the person who was granted probation in this cause.

■ The appellant next complains that he was not given a hearing within the time limits of V.A.C.C.P., Article 32A.02. The short answer to this complaint is that the statute does not apply to the revocation of probation. *Champion v. State*, 590 S.W.2d 495 (Tex.Cr.App., 1979).

The two remaining grounds of error are addressed to a separate violation of the conditions of probation. Since we have upheld the trial court's finding of the first violation, and that is sufficient to sustain the revocation, we need not address these grounds.

The judgment is affirmed.