Gary R. ANDREWS, Appellant,

v.

The STATE of Texas, Appellee.

No. 09 81 101 CR.

Court of Appeals of Texas,
Beaumont.

June 16, 1982.

Larry E. Meyer, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Harris
County, Houston, for appellee.

## OPINION

DIES, Chief Justice.

Appellant was tried by the court, without a jury, for aggravated assault [*V.T.C.A., Penal Code, Sec. 22.01(a)(2)* and *22.-02(a)(4)*]. He was found guilty and given two years probated sentence, from which he brings this appeal.

Appellant's first three grounds of error challenge the sufficiency of the evidence to support the conviction. Complaining witness, Barrett, went to appellant's residence; appellant refused to talk; so, Barrett and appellant's brother had a conversation. Barrett then got into his car and, when driving away, heard an explosion and saw glass flying. He (Barrett) looked back and saw appellant pointing a gun (which appellant denied). Appellant's contention is that shooting the glass in the car did not constitute a threat within the meaning of *Sec. 22.01* because an act cannot be a threat. "Threat" is not defined in the Texas Penal Code, and our Court of Criminal Appeals has apparently never defined "threat" in the context of *Sec. 22.01*. However, in *Berry v. State*, 579 S.W.2d 487 (Tex.Cr.App.1979), the Court held that a threat "is not limited to the use of verbal aggression but may include acts amounting to an offer to use future force. Threats may be communicated by actions, words or deeds," id. at 489. See *Brown v. State*, 576 S.W.2d 820 (Tex.Cr.App.1978) (holding a gun to victim's head), and *Church v. State*,

552 S.W.2d 138 (Tex.Cr.App.1977) (holding a knife to victim's throat).

It seems safe to assume that when Barrett realized his car window was shot out, he fled from future violence, and *Berry v. State,* supra, would be controlling. These grounds of error are overruled.

■ Appellant's next ground of error complains of improper testimony regarding an extraneous offense. However, the objection he made in the trial court is not the same as he makes here. Therefore, no error is shown. *Canada v. State,* 589 S.W.2d 452 (Tex.Cr.App.1979). Furthermore, since this trial was to the court, he is presumed to have ignored inadmissible evidence. *Moton v. State,* 540 S.W.2d 715 (Tex.Cr.App.1976). This ground of error is overruled.

■ In his fifth ground of error, appellant complains the court failed to approve his waiver of a jury trial. A jury waiver, signed, is a part of the court papers. Neither *Sec. 1.13* nor *Sec. 1.15* of the Texas Code of Criminal Procedure requires that the consent and approval of the court be in writing. The trial court certainly knew he had no jury in the box and is, under these circumstances, presumed to consent to appellant's waiver. This ground of error is overruled.

■ It is difficult for us to follow appellant's last ground of error. It is that the trial court did not listen to his evidence. The sole reason for this contention is the trial court's assertion: "I've lost you somewhere." We have no authority to cite to support our overruling this ground of error.

The judgment of the trial court is affirmed.

AFFIRMED.

1. It was alleged that appellant did "... intentionally and knowingly threaten imminent bodily injury to [complainant] with the use of a deadly weapon, namely a firearm."

2. *Sec. 15.01(a), Penal Code*: "A person commits an offense if, with specific intent to commit an offense, he does an act amounting to

KEITH, Justice, dissenting.

I respectfully file this dissent since I agree with appellant's counsel in his assessment of the fatal variance between the allegations and the proof. The State charged[1] an assault under *Tex.Penal Code Ann. Sec. 22.01(a)(2),* aggravated by the use of a deadly weapon under the provisions of *Sec. 22.02(a)(4)* of the Code. The gravamen of the offense charged was the threat—to perform an act in the future. The State proved, at best, and accepting the State's proof at face value, an attempted aggravated assault as set out in *Sec. 15.01(a)* of the Code.[2]

Looking at the evidence in the light most favorable to the trial court's finding of guilt, the State proved that the complaining witness went to appellant's residence to resolve a dispute but appellant refused to talk with him. Scott Andrews, appellant's brother, did talk with him. Complainant got back into his car and started to drive away when he heard an explosion and saw glass flying. He looked back and saw appellant pointing a gun at him. He later discovered that his rear window was destroyed. Appellant denied possessing or having fired a handgun; his brother corroborated him as to not having a gun and testified that he was the one who threw a brick through the window of the car.

I am not persuaded that the three cases cited by the majority support the affirmation. Each is a rape case and the language seized upon by the majority relates to the facet of the particular case which transformed the rape into an aggravated rape. For instance, in *Berry v. State,* 579 S.W.2d 487, 489–490 (Tex.Cr.App.1979), the Court held that the substantive charge of aggravated rape was supported by testimony of the prosecutrix that the accused:

"... stuck a sharp, flat object in the back of her neck; she testified that the object

more than mere preparation that tends but fails to effect the commission of the offense intended."

It is no defense to prosecution "that the offense attempted was actually committed." *Sec. 15.01(c).*

felt like a knife, forcibly pressed against her neck. Appellant repeatedly told her that if she cooperated with his demands she would not be hurt; the implication of this threat, of course, is that she *would* be hurt or harmed if she resisted. By his actions and words, appellant indicated to the prosecutrix that he had a weapon and that he would use it if she resisted. These acts, coupled with his threats, are sufficient evidence of a threat of serious bodily injury." (emphasis in text)

Thus, there was a threat of future violence by the use of the deadly weapon—the instrument which felt like a knife. The rape was accomplished; the threat enabled the accused to commit the crime by causing fear, the "offer to use future force". (579 S.W.2d at 489)

In the second case cited, *Brown v. State*, 576 S.W.2d 820 (Tex.Cr.App.1978), the accused "pulled a pistol and put it to the side of complainant's head" and "continued to point the pistol at the prosecutrix's head and then forced her to engage in sexual intercourse with him." (576 S.W.2d at 821–822) Again, the *act* was accomplished by threat of death or serious bodily injury if the complainant did not comply. The *act* was the rape, not the use of the gun.

Finally, in the third case, *Church v. State*, 552 S.W.2d 138, 140 (Tex.Cr.App.1977), the rape was accomplished "by holding the knife to her throat." However, the Court, in *Church*, supra, distinguished the holding from that in *Blount v. State*, 542 S.W.2d 164, 166 (Tex.Cr.App.1976), "because the evidence in that case [*Blount*] did not show that the knife was exhibited before the intercourse." (552 S.W.2d at 140)

In each of the cited cases, the evidence showed that the rape—the primary offense—was accomplished by the accused. The use of the deadly weapon in the accomplishment of the primary offense served two purposes, (a) it lessened the degree of resistance required of the complainant under the rationale of *Rogers v. State*, 575

S.W.2d 555, 559 (Tex.Cr.App.1979), and (b) it served to aggravate the offense under *Sec. 21.03(a)(2), Penal Code. Rogers v. State*, supra, discussing *Church v. State*, supra.

Appellant's counsel points to the lack of a statutory definition of "threaten", submits dictionary definitions of the word, such as "endanger, presage, portend, impend, augur, forebade, foreshadow," etc. His argument, which I adopt, reads:

"The intent of the Legislature in enacting § 22.01(a)(2) of the Penal Code, making it a misdemeanor to '... *threaten* another with serious bodily injury ...' was to cover occurrences where bodily injury did not result, and *no act* potentially causing bodily injury occurred, but where the Actor performed menacing or ominous gestures which presaged or foreshadowed later actual bodily injury.... If the Actor actually shot at the Complainant and missed, the Actor would be guilty of Attempted Aggravated Assault, as defined by § 15.01(a), Texas Penal Code, because the Actor did '... *an act* amounting to more than mere preparation that tends but fails to effect the commission of the offense intended."

The contention urged upon this Court is analagous to that considered in the very recent case of *Manley v. State*, 629 S.W.2d 956 (Tex.Cr.App.1982) (No. 61,682, on rehearing, May 26, 1982, not yet reported). There being no statutory definition of the "key word" forming the base of the complaint in *Manley*, the Court invoked the provisions of Subchapter B of the Code Construction Act [*Tex.Rev.Civ.Stat.Ann. art. 5429b–2, § 2.01 (Supp.1982)*][3] and turned to the dictionary definitions of the "key word". Having done so, the Court said:

"[W]e cannot conclude that the evidence is sufficient to establish the requisite intent to commit the offense."

**3.** *Sec. 2.01* of the Code Construction Act provides in the material part: "Words and phrases shall be read in context and construed according to the rules of grammar and common usage...."

I would make the same determination and enter an order here which would be followed by the same order entered in *Manley*, supra: an order setting aside the conviction, reversing the judgment, and ordering that the prosecution be dismissed under the rationale of the holdings in *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); *Greene v. Massey*, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978).