Tammy Lynn McCOWAN, Appellant,

v.

The STATE of Texas, Appellee.

No. 09–87–070 CR.

Court of Appeals of Texas, Beaumont.

Oct. 21, 1987.

James Sparks, Jr., Beaumont, for appellant.

Tom Maness, Criminal Dist. Atty., and John R. DeWitt, Asst. Criminal Dist. Atty., Beaumont, for appellee.

## OPINION

BURGESS, Justice.

On June 9, 1986, Tammy Lynn McCowan pleaded guilty to the offense of forgery. The trial court found McCowan guilty and sentenced her to four years confinement in the Texas Department of Corrections and fined her $500 but placed her on probation for four years. On March 12, 1987, the trial court held a hearing on the state's "First Amended Motion to Revoke Probation." Appellant pleaded "untrue" to all the allegations contained in the state's motion. The trial court found appellant had violated the conditions of her probation by committing the offense of aggravated assault on a police officer and revoked her probation. The trial court then sentenced appellant to four years' confinement in the Texas Department of Corrections. Appellant has perfected this appeal from the judgment of revocation.

In her fifth point of error the appellant urges that the trial court erred in revoking the probation because the trial court was without jurisdiction to hear the motion to revoke probation. Appellant argues that the conviction for forgery was invalid because the trial court failed to approve appellant's waiver of the right to a jury trial in writing as required by TEX. CODE CRIM.PROC.ANN. art. 1.13 (Vernon 1977).[1] The record before us contains a written waiver of the right to a trial by jury executed by Tammy Lynn McCowan in open court. *Article 1.13* does not require that the consent and approval of the court to the defendant's waiver of jury trial be in writing. *See Andrews v. State*, 636 S.W.2d 756 (Tex.App.—Beaumont 1982, no pet.). Since the trial court knew he had no jury in the jury box, it must be presumed he approved McCowan's waiver of jury trial. *See Andrews, supra.*

Appellant also urges that the conviction for forgery is invalid because the trial court did not show his approval of her waiver of the right to appearance, confrontation, and cross-examination of witnesses and consent to stipulations of evidence as is required by *TEX. CODE CRIM.PROC. ANN. art. 1.15* (Vernon 1977).[2] The record affirmatively shows that the trial court did not show his approval of the waiver and consent to stipulate by signing them. Furthermore, McCowan's written judicial confession is unsworn.

It has been held that *article 1.15* requires that "the defendant's waiver and consent to stipulate evidence be *signed and approved by the trial court.*" *McClain v. State*, 730 S.W.2d 739 (Tex.Crim.App.1987) (emphasis added). Such a failure to comply with the provisions of *article 1.15* may be raised for the first time on appeal. *McClain* 730 S.W.2d at 741. The court in *McClain* stated that "failure of the trial judge to comply with the requirements of [article 1.15] will require that the judgment of the trial court must be reversed *if it is found that it was based upon such stipulation.*" *Id.* at 742 (emphasis added).

The record before us contains no statement of facts from the trial in which McCowan was convicted. There is nothing to indicate whether the judgment of the trial court was based upon the invalid stipulations. In fact, it is impossible for this court to determine whether any such invalid stipulations were even offered as evidence. Likewise, it is impossible to determine whether the trial court's judgment was in any way based upon McCowan's unsworn judicial confession. Without a statement of facts, this court is unable to determine whether there was other evidence introduced which was sufficient to sustain the conviction. *See Herbort v. State*, 422 S.W.2d 456 (Tex.Crim.App.1967). Therefore, appellant's fifth point of error is overruled.

1. *Article 1.13* reads as follows: The defendant in a criminal prosecution for any offense classified as a felony less than capital shall have the right, upon entering a plea, to waive the right of trial by jury, conditioned, however, that such waiver must be made in person by the defendant in writing in open court with the consent and approval of the court, and the attorney representing the State. The consent and approval by the court shall be entered of record on the minutes of the court, and the consent and approval of the attorney representing the State shall be in writing, signed by him, and filed in the papers of the cause before the defendant enters his plea. Before a defendant who has no attorney can agree to waive the jury, the court must appoint an attorney to represent him.

2. *Article 1.15* reads as follows: No person can be convicted of a felony except upon the verdict of a jury duly rendered and recorded, unless in felony cases less than capital, the defendant, upon entering a plea, has in open court in person waived his right of trial by jury in writing in accordance with Articles 1.13 and 1.14; provided, however, that it shall be necessary for the state to introduce evidence into the record showing the guilt of the defendant and said evidence shall be accepted by the court as the basis for its judgment and in no event shall a person charged be convicted upon his plea without sufficient evidence to support the same. The evidence may be stipulated if the defendant in such case consents in writing, in open court, to waive the appearance, confrontation, and cross-examination of witnesses, and further consents either to an oral stipulation of the evidence and testimony or to the introduction of testimony by affidavits, written statements of witnesses, and any other documentary evidence in support of the judgment of the court. Such waiver and consent must be approved by the court in writing, and be filed in the file of the papers of the cause.

■ By her first and third points of error, appellant urges that the trial court erred in failing to enter an instructed verdict of untrue in appellant's favor because the state failed to prove that anyone named Tammy Lynn McCowan was convicted of forgery and placed on probation. The record before us contains a judgment, sentence, and probation order clearly indicating that a Tammy Lynn McCowan was convicted of forgery and that the plea and conviction occurred in the same court as the motion to revoke. Under such facts the judge could take judicial notice of such documents and no proof thereof was required. *Horman v. State*, 423 S.W.2d 317, 318 (Tex.Crim.App.1968). Appellant's first and third points of error are, therefore, overruled.

■ By her second and fourth points of error, appellant urges that the trial court erred by not entering an instructed verdict in her favor because the state failed to prove that this appellant, Tammy Lynn McCowan, was the same person convicted and placed on probation for forgery. The state introduced no evidence that appellant was the same Tammy Lynn McCowan who was convicted and placed on probation. The state's only witness was the police officer who was assaulted by appellant. When the state closed its case, appellant moved for an instructed verdict of not true as to all allegations on the ground now urged on appeal. The prosecutor responded as follows:

> "[PROSECUTOR]: Your Honor, it's my understanding in this type of hearing we don't have to prove up the prior offense. That was proved whenever the individual plead guilty and the Court can take judicial notice of her judicial notice [sic] and judicial confession."

The trial court then proceeded to find that appellant had violated the conditions of her probation by committing aggravated assault as alleged in the motion to revoke. In probation revocation proceedings, it is the state's burden to prove, by a preponderance of the evidence, that the probationer has committed a breach of her conditions of probation, and where the state fails to meet this burden, the trial court is without authority to revoke the probation involved. *See Caddell v. State*, 605 S.W.2d 275 (Tex. Crim.App.1980). In the present case, the probation revocation hearing was held before the same judge, in the same court, which originally convicted McCowan and placed her on probation.

■ In *Barrientez v. State*, 500 S.W.2d 474 (Tex.Crim.App.1973), it was held that where the same judge presides over a criminal trial of a person who is on probation, and also presides at a subsequent motion to revoke probation hearing, the judge may take judicial notice of the evidence presented at the criminal trial and use that evidence as proof that the accused committed the offense at issue in the criminal trial when such offense is alleged as a basis for revoking probation. However, the rule announced in *Barrientez* has not been used to supply missing proof that the person before the court in the revocation hearing is the same person who was previously placed on probation. *See Green v. State*, 528 S.W.2d 617 (Tex.Crim.App.1975); *Stephenson v. State*, 500 S.W.2d 855 (Tex. Crim.App.1973) (Onion, Presiding Judge, dissenting); *Barrientez v. State, supra.* We decline to apply the rule in *Barrientez* to supply this missing evidence.

■ We also have grave doubts as to whether the *Barrientez* rule survived the enactment of *TEX.R.CRIM.EVID. 201(b)*[3] which reads as follows:

> Kinds of facts. A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

We believe that the *Barrientez* rule allowed the trial court to take "judicial" notice of matters which were peculiarly within his personal knowledge and not within the proper scope of judicial notice under *rule 201(b)*. The very conditions for appli-

---

**3.** The Texas Rules of Criminal Evidence became effective on September 1, 1986.

cation of the *Barrientez* rule compels us to such conclusion, because the rule does not apply unless the same judge presided over both proceedings. If the matter of which notice was taken was within the proper scope of judicial notice, it would make no difference that a different judge presided at each proceeding.

In the present case, the state failed to prove that appellant was the person who was previously convicted and placed on probation. The state had the burden of proving this fact. *C.f. Gill v. State*, 593 S.W.2d 697 (Tex.Crim.App.1980). Therefore, appellant's second and fourth points of error are sustained, and the judgment of the trial court is reversed and the cause is remanded.

REVERSED AND REMANDED.

BROOKSHIRE, Justice, concurring.

I concur. It is now well settled that a probation revocation does not bring into play the double jeopardy doctrine. *Davenport v. State*, 574 S.W.2d 73 (Tex.Crim. App.1978).

Judge Truman Roberts, in a concurring opinion, wrote, in *Reza v. State*, 608 S.W.2d 688, 690 (Tex.Crim.App.1980), the following:

"(A mere reversal for insufficient evidence will leave the motion still pending for relitigation; *see Davenport v. State*, 574 S.W.2d 73 (Tex.Cr.App.1978).)"