Henry DICKERSON, Appellant,

v.

The STATE of Texas, Appellee.

No. B14–86–716–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Dec. 23, 1987.

Rehearing Denied Dec. 23, 1987.

Greg Glass, Houston, for appellant.

John B. Holmes, Jr., Roe Morris, Houston, for appellee.

Before PAUL PRESSLER, MURPHY and ELLIS, JJ.

## OPINION

PAUL PRESSLER, Justice.

Motion for rehearing is denied, this opinion with concurring opinion is filed, and the opinion filed October 1, 1987 is withdrawn.

Appellant was convicted of aggravated assault with a deadly weapon, enhanced by a prior felony conviction. The jury assessed punishment at nine years confinement and a $5000 fine. We affirm.

Appellant rode as a passenger in the front seat of his own car with Fredro Love driving. As the car passed the L & J Lounge several times, gunshots came from the passenger side. After a bystander was hit, the car returned to make another pass. The bar's owner then came to the door, and was greeted by gunfire. Appellant was charged with assaulting the bar owner, not with assaulting the bystander, and defended himself on the ground that Fredro Love did the shooting.

■ The first point of error alleges that the accused was entitled to a jury charge on the lesser included offense of reckless conduct. A defendant is entitled to such a charge when:

(1) the lesser offense is included within the proof necessary to establish the offense charged, and

(2) there is evidence that if the defendant is guilty, he is guilty of *only* the lesser offense.

*Bell v. State,* 693 S.W.2d 434, 439 (Tex. Crim.App.1985). Reckless conduct qualifies as a lesser included offense of aggravated assault with a deadly weapon. *Id.* Appellant argues that the bar owner's testimony constituted the requisite proof of the lesser offense. The bar owner stated that his encounter with the gunfire was a coincidence. Appellant construes such testimony as affirmative evidence that he did not threaten imminent bodily injury. This argument is merely a variation of the tactic of offering a multitude of witnesses "who did not see me do it." It does not satisfy the second requirement of *Bell, supra.* The first point of error is overruled.

■ Appellant's basic complaint appears not to be that there is some evidence of guilt of only the lesser offense, but rather that there is insufficient evidence of guilt of the offense for which he was convicted. Point of error three challenges the suffi-

ciency of proof on the issue of whether there was a threat, because the bar owner was evidently not overly concerned about the bullets' being fired in his direction. The offense charged is aggravated assault, not infliction of emotional distress. The bar owner testified that the appellant "had it pointed toward me." The pointing of a gun alone establishes the threat. *Preston v. State,* 675 S.W.2d 598 (Tex.App.-Dallas 1984, pet. ref'd), *cert. denied,* 474 U.S. 982, 106 S.Ct. 389, 88 L.Ed.2d 341 (1985); *Andrews v. State,* 636 S.W.2d 756 (Tex.App.-Beaumont 1982, no pet.). *See also Horn v. State,* 647 S.W.2d 283 (Tex.Crim.App.1983). Point of error three is overruled.

■ Points of error four and five complain of the overruling of appellant's objections to testimony regarding shooting from the car as it made its initial passes as being irrelevant. Appellant especially objected to evidence that a bystander was hit by a bullet. Under TEX.R.CRIM.EVID. 404, it is improper to use such acts as a basis for showing the accused to be a criminal in general. Part (b) of the rule lists exceptions. "As the rule indicates, there are numerous other uses to which evidence of criminal acts may be put, and those enumerated are neither mutually exclusive nor collectively exhaustive." E. CLEARY, MCCORMICK ON EVIDENCE § 190, at 558 (3d ed.1984). This rule is new in Texas, but the federal counterpart is identical and has been consistently interpreted to allow prosecutors to present the complete circumstances to the jury. *See, e.g.,* Black, *Evidence,* 18 TEX.TECH.L.REV. 491, 514–19 (1987) (annual survey of Fifth Circuit cases).

The Court of Criminal Appeals has approved the practice of interpreting Texas rules in accordance with the precedents under the analogous federal rules where the wording is the same. *Campbell v. State,* 718 S.W.2d 712 (Tex.Crim.App.1986). Point of error four is overruled.

■ Point of error five complains of rebuttal testimony offered by the prosecution to show that appellant had carried a gun on previous occasions. Defense witnesses testified that they had never seen appellant carry a gun. The prosecutor evidently intended to contradict this testimony by showing that others had seen the appellant armed. All witnesses could have been telling the truth. Even if this short rebuttal evidence were error, it was harmless. Point of error five is overruled.

■ Finally, in point of error two, appellant seeks a new trial on the basis of newly discovered evidence. During the trial, appellant failed to subpoena the driver of the car although his defense was that the driver fired the shots. The failure to call the driver purportedly was based on fear of him as a violent person. The driver's wife and stepson then testified at the hearing on the motion for a new trial that the driver had admitted the shooting. In order to prevail on such a motion, the movant must show that the evidence was:

(1) unknown before trial,

(2) not discoverable in the exercise of due diligence,

(3) probably true and material, and

(4) competent, and not merely cumulative, corroborative, collateral, or impeaching.

*Bolden v. State,* 634 S.W.2d 710, 711712 (Tex.Crim.App.1982). The second requirement was not met. Failure to call a key witness based upon fear of him cannot be approved. A defendant may not delay putting on his defense until after his conviction. Point of error two is overruled.

The judgment of the trial court is affirmed.

MURPHY, Justice, concurring.

I concur. With respect to appellant's first point of error, I would reach the same result as the majority but for a different reason. I do not believe that this point of error requires a *Bell* analysis. *Bell v. State,* 693 S.W.2d 434 (Tex.Crim.App.1985). Appellant did not testify in his behalf, but called Rogers Lee and Harry James McLaughlin, Jr., both of whom testified that they were back seat passengers in the automobile being driven by Fredro Love. Each testified that Love and not appellant did the shooting. I would hold when an

accused denies the commission of the offense charged, or presents evidence that another committed it, he is not entitled to a charge on a lesser included offense. *See Hackbarth v. State,* 617 S.W.2d 944 (Tex. Crim.App.1981), and *Galitz v. State,* 617 S.W.2d 949 (Tex.Crim.App.1981).