Affirmed and Memorandum Opinion filed October 5, 2006








Affirmed and Memorandum Opinion filed October 5, 2006.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-04-00996-CR

____________

 

JEFFREY CHARLES TERRELL, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 339th
District Court

Harris County, Texas

Trial Court Cause No. 899,988

 



 

M E M O R A N D U M   O P I N I O N








Appellant, Jeffrey Charles Terrell, pleaded guilty, without
an agreed punishment recommendation, to the felony offense of driving while
intoxicated.  The trial court found him guilty and assessed punishment at six
years= community
supervision, and a $500 fine.  Subsequently, the State filed a motion to revoke
community supervision.  The trial court revoked community supervision and
sentenced appellant to six years= confinement in
the Texas Department of Criminal Justice, Institutional Division.  Appellant
challenges the revocation and sentence with three issues: (1) the sentence is a
violation of the Eighth Amendment to the U.S. Constitution because it is a
disproportionate sentence; (2) the trial court violated appellant=s due process
rights under the Texas Constitution by sentencing him to actual imprisonment
rather than reinstating community supervision; and (3) the State did not
produce legally sufficient evidence to prove appellant was the same person
placed on probation as alleged.  We affirm.

Factual and Procedural Background

Since 1997, appellant has been arrested eight times for
driving while intoxicated.  Appellant=s most recent
probationary term was for a DWI offense committed on January 20, 2002. 
Appellant pleaded guilty and received six years= probation,
beginning in May of 2002.  During the term of his probation, appellant
committed numerous probation violations, including fleeing from an officer,
driving while intoxicated, public intoxication, failing to present written
verification of employment on multiple dates, failing to fulfill community service
requirements, failing to pay supervision fees, failing to pay a fine and court
costs, failing to pay Crime Stoppers, driving with a suspended license and
without a deep-lung breath analysis machine, and failing to participate in the
Substance Abuse Felony Punishment Facility Caseload.

As a result of appellant=s failure to abide
by the requirements of his probation, the State filed a motion to revoke
probation on March 15, 2004.  Judge Caprice Cosper of Harris County held a
hearing on September 3, 2004.  Appellant pleaded true to the allegations and
stipulated to certain facts, including that he was the person serving probation
as alleged.

The trial court revoked probation and sentenced appellant
to six years= imprisonment in the Texas Department of Corrections,
Institutional Division.  Appellant timely filed a notice of appeal raising
three issues based on the Eighth Amendment to the United States Constitution,
Due Process protections under the Texas Constitution, and a legal sufficiency
challenge.

Analysis

I.        Cruel
and Unusual Punishment

In his first issue, appellant contends that his right to be
free from cruel and unusual punishment, as guaranteed by the Eighth Amendment
to the U.S. Constitution, was violated.  Specifically, appellant argues that
his sentence of six years was grossly disproportionate to the offense. 
However, appellant has waived this issue.

At trial, appellant did not object to or complain about his
sentence.  Thus, appellant=s issue is waived.  Jagaroo v. State,
180 S.W.3d 793, 802 (Tex. App.CHouston [14th Dist.] 2005, pet. ref=d); Nicholas v.
State, 56 S.W.3d 760, 768 (Tex. App.CHouston [14th
Dist.] 2001, pet. ref=d).  Having no error to review, we
overrule appellant=s first issue.

II.       Due
Process

Appellant next attacks his sentence as a violation of his
rights under the Texas Constitution.  Appellant argues that although his
sentence was within the statutory range of punishment, it represents a
disparity when compared with sentences for similar and more serious crimes. 
Appellant presented no argument, complaint, or evidence of such a disparity to
the trial court.  Thus, as with his first issue, appellant has waived this
issue by failing to object to or complain about his sentence to the trial
court.  See Santos v. Comm=n for Lawyer
Discipline, 140 S.W.3d 397, 404B05 (Tex. App.CHouston [14th
Dist.] 2004, no pet.) (holding that failure to object at trial waived Due
Process issue on appeal);  Jagaroo, 180 S.W.3d at 802 (holding appellant
waived complaint concerning sentence as violation of Texas and U.S.
Constitutions by failing to object at trial); Nicholas, 56 S.W.3d at 768
(same).  We overrule appellant=s second issue.

III.      Sufficiency
of the Evidence








In his final issue, appellant argues that there was
insufficient evidence to prove that he was the person placed on probation as
indicated in the judgment and order of probation.  Specifically, appellant
argues that, although he stipulated that he was the person on probation, the
State failed to adduce adequate evidence at the hearing.  Appellant asks us to
view the evidence presented at trial absent his stipulation.  We disagree that
this is the proper way to view the evidence and will overrule appellant=s final issue.

At a revocation hearing, the State must prove that the
defendant is the same individual who is named in the judgment and order of
probation, and then must prove that he violated a term of probation as alleged
in the motion to revoke.  Cobb v. State, 851 S.W.2d 871, 874 (Tex. Crim.
App. 1993).  The State=s burden of proof is preponderance of the
evidence.  Id.  In our review of the evidence, we view it in the light
most favorable to the trial court=s judgment.  Moore
v. State, 11 S.W.3d 495, 498 (Tex. App.CHouston [14th
Dist.] 2000, no pet.) .  Our review is solely for an abuse of discretion, and
the record simply must contain some evidence to support the trial court=s decision.  See
id. 

Below, the trial court did not abuse its discretion. 
Appellant himself provided conclusive proof that he was the person placed on
probation as indicated in the judgment and probation order.  The stipulation of
evidence, which was admitted and which appellant stated was true in open court,
conclusively establishes that he was the person placed on probation.  Appellant
cites only one case for the proposition that his stipulation is not adequate
proof.  See McCowan v. State, 739 S.W.2d 652 (Tex. App.CBeaumont 1987,
pet. ref=d).  However, that
case is irrelevant here.  In that case, the appellant did not stipulate to the
necessary evidence as appellant did in this case.  Therefore, it does not stand
for the proposition that our review must concern only the evidence offered by
the State.  Indeed, we know of no case that has held that a stipulation of
evidence, conclusively establishing certain necessary facts, is ineffective on
its own to prove the stipulated facts.  Cf. Dewberry v. State, 4
S.W.3d 735, 740 (Tex. Crim. App. 1999) (stating the rule that, when conducting
a legal sufficiency review of a conviction, a court should evaluate all of the
evidence in the record, whether direct or circumstantial, admissible or not). 
We overrule appellant=s final issue.








Conclusion

Having overruled each of appellant=s issues, we
affirm the judgment of the trial court.

 

 

/s/      Wanda McKee Fowler

Justice

 

 

Judgment rendered
and Memorandum Opinion filed October 5, 2006.

Panel consists of
Justices Fowler, Edelman, and Frost.

Do Not Publish C Tex. R. App. P. 47.2(b).