COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-06-057-CR

 

 

MARGARET ELIZABETH CHERRY                                           APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

                                              ------------

 

                  FROM
THE COUNTY COURT OF YOUNG COUNTY

 

                                              ------------

 

                                             OPINION

 

                                              ------------

I. Introduction

Appellant Margaret Elizabeth
Cherry appeals the trial court=s decision granting the State=s motion to revoke her community supervision.  In a single issue, Cherry contends that the
State failed to prove by a preponderance of the evidence that the individual
appearing at the revocation hearing was the same Margaret Elizabeth Cherry that
the trial court originally placed on community supervision.  We will affirm.

 








II. Background

On July 8, 2004, Margaret
Elizabeth Cherry pleaded guilty to possession of marijuana under two ounces, a
misdemeanor offense.  The trial court
assessed Cherry=s punishment
at 180 days=
confinement, and probated her sentence for a term of one year.  Prior to the expiration of her probated
sentence, the State filed a motion to revoke Cherry=s community supervision alleging, in part, that on March 3, 2005,
Cherry submitted a urinalysis that tested positive for amphetamines. 

At the hearing on the State=s motion to revoke Cherry=s probation, the State called Cherry=s former probation officer, Scott Wallace, who testified that he was
acquainted with Ms. Cherry because he supervised her for approximately one year
and explained that he had recentlyCon March 3, 2006Cobtained a
urine sample from her which tested positive for amphetamines.  Specifically, Wallace testified,

Q.  And, Scott, how are you employed?

 

A.  Probation officer for the 90th
Judicial District.

 

Q.  In that capacity are you acquainted with
the Defendant in this cause, Margaret Elizabeth Cherry?

 

A.  Yes.

 

Q.  And how is it you are acquainted with her?

 








A.  I was her supervision officer in Stephens
County.

 

Q.  And was she on probation out of this court?

 

A.  Yes, on this case I supervised her.

 

Q.  And that was for a conviction of
possession of marijuana under two ounces?

 

A.  Yes.

 

. . .

 

Q.  And in March of 2005 you
were still her supervising officer?

 

A.  Yes.

 

Q.  And did you request that a
urinalysis be done?

 

A.  Yes.

 

Q.  And was a urine specimen
taken from her?

 

A.  Yes, on March the 3rd.

 

[Emphasis added].   








After the State rested,
Cherry objected and asked the trial court to enter a finding of not true,
claiming that the State had failed to establish that the defendant seated at
the counsel table was the same Margaret Elizabeth Cherry placed on community
supervision in July 2004 for possession of less than two ounces of
marijuana.  The trial court overruled
Cherry=s objection and request and made an affirmative finding that the woman
seated in the courtroom was the same person placed on community supervision in
the underlying cause.  The trial court
then assessed Cherry=s punishment
at ninety days=
confinement.  

III. The Revocation of Cherry=s Community Supervision

In her sole point, Cherry contends that the evidence was
legally and factually insufficient to revoke her community supervision.  We review an order revoking community
supervision under an abuse-of-discretion standard.  Cardona v. State, 665 S.W.2d 492, 493
(Tex. Crim. App. 1984); Jackson v. State, 645 S.W.2d 303, 305 (Tex.
Crim. App. 1983).  In a revocation
proceeding, the State must prove by a preponderance of the evidence that the
defendant is the same individual who is named in the judgment and order of
probation, and then must prove that the defendant violated a term of probation
as alleged in the motion to revoke.  Cobb
v. State, 851 S.W.2d 871, 873-74 (Tex. Crim. App. 1993).  








In a community supervision revocation hearing, the trial
judge is the sole trier of fact and determines the credibility of the witnesses
and the weight to be given their testimony. Allbright v. State, 13
S.W.3d 817, 818-819 (Tex. App.CFort Worth 2000,
pet. ref=d).  We review the evidence in the light most favorable
to the trial court=s ruling. 
Cardona, 665 S.W.2d at 493; Garrett v. State, 619 S.W.2d
172, 174 (Tex. Crim. App. [Panel Op.] 1981); Allbright 13 S.W.3d at
819.  If the State fails to meet its
burden of proof, the trial court abuses its discretion in revoking the
community supervision.  Cardona,
665 S.W.2d at 493-94.     

Because we have previously held that a factual sufficiency
review is inapplicable to revocation proceedings, we need not address Cherry=s factual
sufficiency challenge.  See Allbright,
13 S.W.3d at 818.  See also Becker
v. State, 33 S.W.3d 64, 65-66 (Tex. App.CEl Paso 2000, no
pet.); Joseph v. State, 3 S.W.3d 627, 642 (Tex. App.CHouston [14th
Dist.] 1999, no pet.); Liggett v. State, 998 S.W.2d 733, 735-36 (Tex.
App.CBeaumont 1999, no
pet.); Johnson v. State, 943 S.W.2d 83, 85 (Tex. App.CHouston [1st
Dist.] 1997, no pet.); Brumbalow v. State, 933 S.W.2d 298, 299-300 (Tex.
App.CWaco 1996, pet.
ref=d).  Conversely, the State has met its burden with
respect to evidence of revocation when the greater weight of the evidence
creates a reasonable belief of the necessary revocation elements.  Allbright, 13S.W. 3d at 818.








In the present case, Cherry
only contends that the State failed to prove that she is the same individual
named in the judgment for possession of marijuana under two ounces and
originally placed on community supervision. 
Probation officer Scott Wallace specifically testified that he was
acquainted with Athe
Defendant in this cause, Margaret Elizabeth Cherry@ because he was her probation officer for a year on her probation Aout of this court@ Afor a
conviction of possession of marijuana under two ounces.@  Viewed in the light most
favorable to the trial court=s ruling and deferring to the trial court=s determination concerning credibility and the weight to be given to
testimony, this testimony establishes by a preponderance of the evidence that
the defendant in this causeCMargaret Elizabeth CherryCwas the same Margaret Elizabeth Cherry named in the judgment for
possession of marijuana under two ounces and originally placed on community
supervision; consequently, the State met its burden.  The trial court did not abuse its discretion
by granting the State=s motion to
revoke Cherry=s community
supervision.  See Cardona, 665
S.W.2d at 493-94.  We overrule Cherry=s sole issue on appeal.

IV. Conclusion

Having overruled Cherry=s sole issue on appeal, we affirm the trial court=s judgment.                                                                 

 

SUE
WALKER

JUSTICE    

 

PANEL F: LIVINGSTON,
DAUPHINOT and WALKER, JJ.

 

DAUPHINOT, J. filed a
dissenting opinion.

 

PUBLISH

 

DELIVERED: January 25,
2007

 











 
 
 
 
 
 
 




 

 

 

 

 

 

                                               COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-06-057-CR

 

 

MARGARET
ELIZABETH CHERRY                                           APPELLANT

 

                                                   V.

 

THE
STATE OF TEXAS                                                                STATE

 

                                              ------------

 

                  FROM THE COUNTY COURT OF YOUNG
COUNTY

 

                                              ------------

 

                                   DISSENTING
OPINION

 

                                              ------------








Because the State failed to
prove every element of its motion to revoke, I respectfully dissent.      A trial judge cannot be a witness in a
case.[1]  Nor may the trial judge merely pronounce an
essential element of the State=s proof.[2]
There is no evidence in the record from any source that Appellant is the same
person who was convicted of possession of marijuana and placed on community
supervision.   Nor is there anything in
the record from which the trial court as factfinder could legitimately infer
that Appellant was that person.  From my
reading of the record, no one asked if her name was Margaret Elizabeth Cherry,
and no one testified that the person sitting at the counsel table was Margaret
Elizabeth Cherry.  No one testified that
the person sitting at the counsel table was the same person convicted of
possession of marijuana on July 8, 2004. 
No one testified that he or she even recognized the person sitting at
the counsel table.  No one read the
motion to revoke on the record, and no one waived reading the motion.  The person at the counsel table was not asked
to enter a plea to the allegations in the motion, and she did not sua sponte
enter a plea.  She is never identified by
name, date of birth, photograph, or fingerprint, or in any other manner.








Although one probation
officer testified that he supervised the ADefendant in this cause, Margaret Elizabeth Cherry,@ he did not testify that she was in the courtroom or that he had any
personal knowledge of her conviction or her being the person placed on
community supervision.  Appellant=s agreement that she was previously arraigned on the motion to revoke
is not an admission or even circumstantial evidence that she was previously
convicted of the underlying offense and placed on community supervision, nor
can the testimony of the probation officers support an inference that she is
the same person who was originally placed on probation.     

Nor could the trial court
take judicial notice[3]
of that Afact@ because
nothing in the record shows that Afact@Cno photograph, no admission, no fingerprint that was properly identified,
and nothing reflecting even that the trial judge remembered Appellant.[4]  As our sister court pointed out in a similar
case almost twenty years ago,

In probation revocation proceedings, it is the
state=s
burden to prove, by a preponderance of the evidence, that the probationer has
committed a breach of her conditions of probation, and where the state fails to
meet this burden, the trial court is without authority to revoke the probation
involved.  In the present case, the
probation revocation hearing was held before the same judge, in the same court,
which originally convicted McCowan and placed her on probation.








 In  Barrientez v. State, it was held that
where the same judge presides over a criminal trial of a person who is on
probation, and also presides at a subsequent motion to revoke probation
hearing, the judge may take judicial notice of the evidence presented at the criminal
trial and use that evidence as proof that the accused committed the offense at
issue in the criminal trial when such offense is alleged as a basis for
revoking probation.  However, the rule
announced in Barrientez has not been used to supply missing proof that
the person before the court in the revocation hearing is the same person who
was previously placed on probation. We decline to apply the rule in Barrientez
to supply this missing evidence.[5]

 

I would likewise hold that
the proof that Appellant is the same person who was previously placed on
probation is absent, sustain Appellant=s sole issue, and reverse the trial court=s judgment.  Because the
majority does not, I respectfully dissent.

 

LEE ANN DAUPHINOT

JUSTICE

 

PUBLISH

DELIVERED: January 25, 2007

 











[1]Tex. R. Evid. 605 (AThe
judge presiding at the trial may not testify in that trial as a witness.  No objection need be made in order to
preserve the point.@);
see McGill v. State, 200 S.W.3d 325, 329 (Tex. App.CDallas
2006, no pet.) (AThe
evidence in this case indicates only that appellant was aware the State was
seeking a deadly weapon finding.  The
trial judge at punishment commented that Athere was a gun@ in
the house where the drugs were found, but no evidence before us supports the
comment.@).





[2]See
Cobb v. State, 851 S.W.2d 871, 874 (Tex. Crim. App. 1993) (AThe
State still must prove the identity of the probationer and that he or she
violated the terms of the order of probation.@).  





[3]See Tex. R. Evid. 201.





[4]See
Emenhiser v. State, 196 S.W.3d 915, 923 (Tex. App.CFort
Worth 2006, pet. filed) (AThe
trial court took judicial notice of the fact that the trial judge had seen
Bailey in the courtroom during testimony.@).   





[5]McCowan
v. State, 739 S.W.2d 652, 655 (Tex. App.CBeaumont
1987, pet. ref=d)
(citations omitted).