**Carl Eugene SPENCER, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 47652.**

Court of Criminal Appeals of Texas.

Jan. 9, 1974.

Roland H. Hill, Jr., Fort Worth, for appellant.

Tim Curry, Dist. Atty., Robert A. Sewell, Marvin D. Snodgrass, Roger W. Crampton, Asst. Dist. Attys., Fort Worth, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is sale of amphetamine, a dangerous drug; the punishment, eight (8) years.

The sufficiency of the evidence is not challenged.

Appellant raises three grounds of error.

In ground of error number one, appellant complains of the failure of the trial court to grant him a continuance during the trial so that he could secure the presence of a witness to the sale by the appellant of the amphetamine. During the testimony of State's witness Fort Worth Police Officer Ansley, who had received the amphetamine in the sale while engaged in his role of undercover agent, it was developed that the informant, a woman, had been present during the sale. There followed an extensive series of questioning during which the extent of the participation and knowledge of this woman was examined. The trial court determined that in light of all the circumstances the State would be compelled to reveal the informer's name or dismiss the case. The State requested and was granted a recess at 3:45 p. m. on October 30, 1972, with court to reconvene at 9:00 a. m., October 31, 1972. The record reflects that defense counsel and the trial judge were under the impression that the State would dismiss the case rather than reveal the informer's name. The trial judge had already requested a new jury panel which was present when court reconvened. However, the State announced that it would allow Officer Ansley to reveal the name of the informer. Defense counsel moved for a mistrial on the grounds that the State had not yet revealed the informer's name to the defense and, in the alternative, moved to suppress all testimony of Officer Ansley. The trial court overruled both motions.

Officer Ansley was then recalled and revealed the informer's name. Officer Ansley did not know the current address of the informant. Thereupon, a subpoena duces tecum was issued for certain police records in order to locate the address. After the trial judge made an in camera examination of these records, he announced that the only current address available was one in Minneapolis, Minnesota. Subsequently, appellant moved for a continuance so that he could secure the presence of this witness.

Initially, we note that the record contains no motion for new trial complaining of the failure of the trial court to grant a continuance. A motion for new trial based upon the overruling of the motion for continuance, which was made because of the absence of a witness, should have an affidavit of the missing witness or a showing under oath from some source that the witness would actually testify to the facts set out in the necessary motion

for new trial. Fields v. State, Tex.Cr. App., 495 S.W.2d 926; Haggerty v. State, Tex.Cr.App., 491 S.W.2d 916; Art. 29.06, Vernon's Ann.C.C.P., and cases therein collected.

■ The record is silent on the possibility or probability that the absent witness could in fact be located or would in fact testify. It was only after considerable difficulty that the State was able to furnish the trial court with an address, which by no means equalled locating the witness. Additionally, appellant does not even claim to know what the informer would say if she testified or that she would in any way be of assistance to the defense.

In view of the fact that there is no motion for new trial, no showing of what the testimony of this alleged witness would be, and no showing that the witness would ever be available if the trial court had granted the continuance, no error or abuse of discretion is shown.

■ In ground of error number two, appellant contends that the trial court erred in permitting the prosecution to cross-examine appellant concerning extraneous offenses. On direct examination appellant denied that he had ever seen Officer Ansley, the officer who testified that he had purchased the drugs from appellant. On cross-examination, the prosecution began asking a series of questions, which we quote:

"Q: You never seen him before in your life until yesterday [in court]?

\* \* \* \* \* \*

"Q: Yes, except you saw him on May 14, 1971, didn't you?

\* \* \* \* \* \*

"Q: He and Betty Jo Crain came out there that day and bought some pills from you?

\* \* \* \* \* \*

"Q: In fact and in truth, Mr. Spencer, Officer Ansley has been out to

your house as an undercover agent and bought from you before and bought illicit drugs at your house, and you have seen him, haven't you?"

Defense counsel objected that the prosecutor was "trying to get some extraneous offenses into this case", and asked the trial court to exclude the testimony on the basis that it was inadmissible.

In Barrera v. State, Tex.Cr.App., 491 S.W.2d 879, we held that where the defendant denied that he had ever seen the undercover officer before, it was then proper for the State to prove by the officer that he had made purchases of contraband from the appellant beside the one set forth in the indictment. We said, "The door was opened by appellant's denial that he had ever seen the officer before."

Clearly, if extraneous offenses might be proven by direct evidence, then the mere asking of a question which implied the commission of an extraneous offense would not constitute reversible error.

Ground of error number two is overruled.

■ In ground of error number three appellant contends that the trial court erred in overruling his motion "in limine", made in the absence of the jury, to prohibit the State from reading from an alleged "police report" while cross-examining the appellant. At such hearing the instrument in question was described by the court as "It's just a piece of paper lying flat on the table." "It's their work papers." Appellant made no request to see the instrument. This record does not disclose that the paper was anything other than what the court said it was. At the conclusion of the hearing in the absence of the jury the "piece of paper" was not again referred to and it is not a part of this record on appeal. Appellant has made no suggestion as to

 

how he was injured by the ruling of the court.

Further, when the jury was returned, the State and the defense both rested. No error has been shown. Rose v. State, Tex. Cr.App., 427 S.W.2d 609.

Finding no reversible error, the judgment is affirmed.