Benito **VASQUEZ**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 13–91–450–CR.

Court of Appeals of Texas, Corpus Christi.

May 28, 1992.

---

Ellis C. McCullough, Michael P. Fosher, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Alan Curry, Julian Ramirez, Asst. Dist. Attys., Houston, for appellee.

Before NYE, C.J., and FEDERICO G. HINOJOSA, Jr. and KENNEDY, JJ.

OPINION

FEDERICO G. HINOJOSA, Jr., Justice.

A jury found appellant guilty of the offense of delivery of a controlled substance. The court found the enhancement allegation true and assessed punishment at twenty years' confinement. By a single point of error, appellant complains that the State's final argument in the guilt stage was so prejudicial that an instruction to disregard would not have cured the harm. We disagree and affirm the trial court's judgment.

Jury arguments must be confined to four areas: 1) summation of the evidence, 2) reasonable deductions from the evidence, 3) answers to the arguments of opposing counsel, and 4) pleas for law enforcement. *Whiting v. State*, 797 S.W.2d 45, 48 (Tex.Crim.App.1990). Matters of common knowledge may be argued, though they might not be supported by express evidence. *Carter v. State*, 614 S.W.2d 821, 823 (Tex.Crim.App. [Panel Op.] 1981); *Salinas v. State*, 542 S.W.2d 864, 867 (Tex. Crim.App.1976); *Bella v. State*, 792 S.W.2d 542, 543 (Tex.App.—El Paso 1990, no pet.).

The general rule is that error committed during jury argument is preserved only if the defendant objects and obtains an adverse ruling from the trial court. *Harris v. State*, 784 S.W.2d 5, 12 (Tex.Crim.App.1989); *Mora v. State*, 797 S.W.2d 209, 215 (Tex.App.—Corpus Christi 1990, pet. ref'd). To preserve error, a party complaining of improper jury argument must 1) object, and if the objection is sustained, 2) request an instruction to disregard, and 3) move for a mistrial. *Harris*, 784 S.W.2d at 12; *Brooks v. State*, 642 S.W.2d 791, 198 (Tex.Crim.App.1982). Generally, any impropriety in the prosecutorial argument is waived if the defendant fails to make a proper and timely objection or fails to request an instruction to disregard. *Briddle v. State*, 742 S.W.2d 379, 390 (Tex. Crim.App.1987), *cert. denied*, 488 U.S. 986, 109 S.Ct. 543, 102 L.Ed.2d 573 (1989); *Hinojosa v. State*, 788 S.W.2d 594, 596 (Tex. App.—Corpus Christi 1990, pet. ref'd).

However, if the State's argument is so prejudicial that an instruction to disregard would not cure the harm, an objection is not necessary to preserve error. *See Kinnamon v. State,* 791 S.W.2d 84, 89 (Tex. Crim.App.1990); *Harris,* 784 S.W.2d at 12.

Defense counsel argued, "What we have here is a simple matter of did the police officers see what they've testified they saw or did they testify as to what they think they saw or did they testify to what they wish they would have seen?" The prosecutor countered, "Ask yourself what motive do these people have in here to come in and lie just to make a one-rock case on Benito Vasquez. Why would they risk their careers, their lives, committing perjury to ..." At this point, defense counsel objected to the State introducing matters outside the record, namely the officers' risk to careers and lives. The trial court sustained the objection, but defense counsel did not request an instruction to disregard and did not move for a mistrial.

After reviewing the record, we find that the defense counsel attacked the veracity of the State's witnesses, and the State's argument in response was proper.[1] The fact that a person incurs risks by committing perjury is a matter of common knowledge. Though the trial court sustained appellant's objection to the State's argument, we find no error in allowing the argument. In addition, appellant waived any complaint on appeal by failing to request an instruction to disregard and by failing to move for a mistrial. We overrule appellant's point of error.

We affirm the trial court's judgment.

---

1. A prosecutor may similarly argue his duty to reveal exculpatory evidence and not "to hide the truth" when his choice of witnesses is questioned by the defense in final argument. *Harris,* 784 S.W.2d at 14.