mitchell 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00192-CR







Albert Mitchell, Jr., Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT


NO. 44,300, HONORABLE C. W. DUNCAN, JR., JUDGE PRESIDING








 A jury convicted Albert Mitchell, Jr., appellant, of aggravated robbery and
burglary of a building and assessed punishment, enhanced by three prior felony convictions, at
fifty years for each offense. Appellant appeals this conviction in four points of error. We will
affirm the judgment of conviction.



BACKGROUND


 In the early morning hours of February 21, 1994, Imelda Stimson was awakened
by an intruder as she slept in the back room of the Scorpio Lounge in Temple, Texas. Claiming
to have a gun and brandishing a knife, the intruder broke into the cash register as well as the
cigarette machine. After asking Stimson if she wanted to have sex and demanding that she share
a beer with him, the intruder fled the scene with some money and cigarettes. Stimson, who was
not physically harmed, made a statement to the Temple Police Department later that morning. On February 26, 1994, Stimson and Linda Kelly, the owner of the Scorpio Lounge,
were picking up a take-out order at a Mexican food restaurant in Temple. By chance, Stimson
observed a man whom she believed to be the intruder crossing the street outside the restaurant. 
Stimson and Kelly hurried back to the bar and telephoned the police. Officer Ermis of the Temple
Police Department and Stimson then drove around in an attempt to locate the intruder. Stimson
spotted the man and Officer Ermis identified him as Albert Mitchell, Jr., appellant in this case. 
Appellant was later arrested on March 15, 1994.



DISCUSSION



 In his first point of error, appellant asserts that the trial court abused its discretion
in refusing to grant a mistrial after a police officer on the witness stand impermissibly referred
to appellant as being on parole. Outside the presence of the jury, the trial court decided to allow
the State to introduce rebuttal witnesses to testify that appellant provided a false identification to
police and thus to show appellant's knowledge and his attempt to avoid identification. On its own
suggestion, the prosecution warned the rebuttal witnesses, including Officer Wilroy Pitrucha, 
before they testified that they were not to mention any prior misconduct. Officer Pitrucha then
proceeded to testify as follows:



Q: Sergeant Pitrucha, I want to go over your contact with Mrs. Robin Mitchell
between February 26th, when he was first identified, and March 15th, when
he was ultimately arrested by Andrew Jackson. How many times did you go
over to Mrs. Mitchell's home looking for the defendant?


A: Two times. I actually made contact with Mrs. Mitchell two times. I went to
her house, but only made contact twice.


Q: Those two times that you actually contacted Mrs. Mitchell, did you tell her
why you were looking for her son?


A: No, sir, I did not.


Q: Did she offer you any information on his whereabouts during this time frame?


A: Not at that time, sir.


Q: Now, following and--but did you make it clear to her that you needed to see
her son?


A: I told her that the parole officers was [sic] trying to get a hold of her-- 



 Appellant objected, and the trial court promptly instructed the jury not to consider
Officer Pitrucha's statement "at this time nor during their deliberations." The court denied
Mitchell's motion for mistrial, and Pitrucha went on to testify that appellant's mother believed
appellant "may be into drugs." At this time, the defendant objected again, and the court
proceeded to give the jury a longer, more pointed instruction. In pertinent part, the trial court
stated:



Now, there have been two things mentioned; one was a parole, and now it has
been as to the state of mind of Mrs. Mitchell, and that is concerning the drugs. 
And I am asking you and telling you that it is your duty to put those answers out
of your mind and not to consider them in any way during your deliberations as to
the guilt or innocence of this defendant in this trial. 



Additionally, the court asked appellant's counsel if he desired any further instructions to which
he said no.

 Appellant now asserts that the reference to parole constituted evidence of other
crimes or bad acts which cannot be introduced at the guilt-innocence phase to show that the
defendant acted in conformity with his criminal nature in this case. Lockhart v. State, 847 S.W.2d
568, 570 (Tex. Crim. App. 1992) (rehearing denied). It is well-established, however, that a
prompt instruction by the trial court to disregard an inadvertent statement will generally cure the
error. Nobles v. State, 843 S.W.2d 503, 514 (Tex. Crim. App. 1992); Fuller v. State, 827
S.W.2d 919, 925-26 (Tex. Crim. App. 1992).

 Appellant analogizes the facts in this case with those of the Fuller case. In Fuller,
a witness referred to the defendant's prior incarceration in the "TDC," which is a common method
of referring to the Texas Department of Corrections. Fuller, 827 S.W.2d at 926. The court
stated that it was error to mention collateral offenses and that the subsequent instruction to
disregard the statement did not cure the error in and of itself. Id. However, in Fuller, the
defendant was denied an instruction to disregard immediately after the statement was made and
was not given such an instruction until the next morning upon reurging his objection. Id. at 925. 
The court noted that, because it was not prompt, the instruction by itself did not cure the error. (1) 
Id. at 926.

 Upon appellant's request, the trial court in this case instructed the jury twice to
disregard the statement. The mentioning of "parole officers" may have indirectly indicated that
appellant had been involved in some sort of collateral offense or transaction. However, any such
error was cured by the two prompt instructions given to the jury by the trial court. It was not
error for the trial court to deny appellant's motion for mistrial. Accordingly, appellant's first
point of error is overruled.

 In his second point of error, appellant asserts that the prosecutor committed misconduct in
his closing argument by invading the fact-finding province of the jury when he declared appellant
"obviously guilty." We assume that by "misconduct" appellant means to assert that the State made
an improper and incurable jury argument. According to appellant, the prosecutor improperly
injected his personal opinion of the defendant's guilt into the trial. Appellant argues that the
argument was extreme or manifestly improper and was violative of a mandatory statute,
specifically article 2.01 of the Texas Code of Criminal Procedure. (2)

 During closing arguments, the following discourse transpired:



Mr. Kimball: What Mr. Sheffield (defense counsel) is arguing for, is that you give
a man who is obviously guilty of some very serious offenses a give me, a bye,
shine it by. The positive-- 


Mr. Sheffield: I object to that. I never said give a guilty man anything. I never
said give-- 


The Court: The argument of counsel is not evidence and may not be considered
by you as evidence. If it helps you in recalling what has occurred--it is simply
designed for that purpose. And what they say in argument may not be considered
by you in arriving at your verdict. You may continue.



 It is well established that an error claimed on appeal must comport with the
objection made at trial or nothing is presented for review. Rezac v. State, 782 S.W.2d 869, 870
(Tex. Crim. App. 1990); Skillern v. State, 890 S.W.2d 849, 859 (Tex. App.--Austin 1994, pet.
ref'd). Here, defense counsel objected to the prosecutor's mischaracterization of his argument. 
Appellant cannot now argue for the first time on appeal that the prosecutor was actually injecting
his personal opinion of defendant's guilt into the trial.

 Jury arguments are properly confined to four areas: (1) summation of evidence,
(2) reasonable deductions from the evidence, (3) answers to the opposing counsel's arguments,
and (4) pleas for law enforcement. Harris v. State, 784 S.W.2d 5, 12 (Tex. Crim. App. 1989). 
Arguments similar to the one in this case have been found to be nothing more than reasonable
deductions by the State from the evidence and not error. See Miller v. State, 566 S.W.2d 614,
620 (Tex. Crim. App. [Panel Op.] 1978) ("I just ask you to find him guilty because he is guilty
under the evidence."); Lookingbill v. State, 855 S.W.2d 66, 76 (Tex. App.--Corpus Christi 1993,
pet. ref'd) (" . . . you have no choice but to find the Defendant guilty of capital murder."). 
Further, the prosecutor's argument could be easily construed as a response to opposing counsel's
arguments. Accordingly, even if the objection at trial was specific and comported with the
appellant's argument on appeal, we are not convinced that the argument was improper.

 A party complaining of improper jury argument must (1) object, and if the
objection is sustained, (2) request an instruction to disregard, and (3) move for a mistrial. Cook
v. State, 858 S.W.2d 467, 473 (Tex. Crim. App. 1993); Vasquez v. State, 830 S.W.2d 829, 830
(Tex. App.--Corpus Christi 1992, pet. ref'd). Failure to preserve error results in a waiver of the
error unless the prosecutor's argument falls under a limited exception for argument that is both
improper and so prejudicial that the harm cannot be cured by an instruction to disregard. Briddle
v. State, 742 S.W.2d 379, 389 (Tex. Crim. App. 1987); Sanders v. State, 832 S.W.2d 719, 723
n.4 (Tex. App.--Austin 1992, no pet.).

 In this case, we will assume that the trial court sustained appellant's objection to
the challenged argument even though it was never formally sustained. Nevertheless, appellant
concedes that, since he failed to request an instruction to disregard and did not move for mistrial,
he waived the alleged error in the prosecutor's argument unless the argument falls under the
limited exception. The prosecution's statement that appellant is "obviously guilty" is not extreme
or manifestly improper, nor does it violate a mandatory statute. Further, the trial court left no
room for doubt by issuing an unsolicited, cautionary instruction to the jury stating that the
prosecutor's argument "may not be considered by you as evidence" and "may not be considered
by you in arriving at your verdict" and thus effectively cured any error. See Murray v. State, 861
S.W.2d 47, 54 (Tex. App.--Texarkana 1993, pet. ref'd). "The prosecutor's comments did not
cause such egregious harm as to undermine the basic fairness and impartiality of appellant's trial." 
Espinoza v. State, 843 S.W.2d 729, 730 (Tex. App.--Austin 1992, pet. ref'd). Accordingly, we
overrule appellant's second point of error.

 In his third point of error, appellant asserts that the evidence was legally
insufficient to support the jury verdict finding appellant guilty of burglary and aggravated assault
with a deadly weapon. The critical inquiry on review of the legal sufficiency of the evidence
supporting a criminal conviction is whether the record evidence could reasonably support a finding
of guilt beyond a reasonable doubt. This Court does not ask whether it believes that the evidence
at trial established guilt beyond a reasonable doubt. Instead, the relevant question is whether,
after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact
could have found the essential elements of the crime beyond a reasonable doubt. Jackson v.
Virginia, 443 U.S. 307, 318-19 (1979); Griffin v. State, 614 S.W.2d 155, 159 (Tex. Crim. App.
1981); Tatum v. State, 836 S.W.2d 323, 324 (Tex. App.--Austin 1992, pet. ref'd).

 In the present case, appellant takes issue solely with Imelda Stimson's identification
of appellant as the intruder. Stimson affirmatively identified appellant to Officer Ermis before
appellant's arrest and again at trial. Appellant points to testimony by his mother that he was at
home in bed in the early morning of February 21, 1994 and stresses that Stimson did not first
identify appellant until nearly a week after the crime. Appellant further points to the lack of
physical evidence placing appellant at the Scorpio Lounge and certain minor discrepancies in
Stimson's testimony.

 Being the judges of the facts and the credibility of the witnesses, the jury could
decide whether to believe the testimony of the witnesses or any specific part of that testimony. 
Sharp v. State, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986); Hubbard v. State, 896 S.W.2d
359, 361 (Tex. App.--Houston [1st Dist.] 1995, no pet. h.). The trier of fact may believe a
witness even if that witness' testimony is contradicted. Hubbard, 896 S.W.2d at 361. The jury
in this case simply chose to believe Stimson's testimony over that of appellant's mother. Viewing
the evidence in the light most favorable to the prosecution, we find sufficient evidence in the
record to believe that the jury found the essential elements of the offense beyond a reasonable
doubt. We overrule appellant's third point of error.

 In his fourth point of error, appellant asserts that, at sentencing, the trial court
erred in admitting evidence of prior convictions necessary for enhancement. Specifically,
appellant claims that the trial court improperly overruled his objection to the enhancement
paragraphs. According to appellant, one of the pen packets submitted to the trial court as
evidence of a prior felony conviction for enhancement purposes, specifically cause number
40,150, was void because the waiver of his right to a jury trial in that case had not been signed
by the trial court. Appellant contends that, because the trial court failed to sign and date its
approval of the waiver, the requirements of article 1.13 of the Texas Code of Criminal Procedure
were not met. Thus, appellant argues that the conviction in cause number 40,150 was invalid and
that, as a result, the enhancement paragraphs in this case were improperly admitted.

 Article 1.13 reads as follows:



(a) The defendant in a criminal prosecution for any offense other than a capital
felony case in which the State notifies the court and the defendant that it will
seek the death penalty shall have the right, upon entering a plea, to waive the
right of trial by jury, conditioned, however, that such waiver must be made
in person by the defendant in writing in open court with the consent and
approval of the court, and the attorney representing the State. The consent
and approval by the court shall be entered of record on the minutes of the
court, and the consent and approval of the attorney representing the State
shall be in writing, signed by him, and filed in the papers of the cause before
the defendant enters his plea.


Tex. Code Crim. Proc. Ann. art. 1.13(a) (West Supp. 1995) (emphasis added). Article 1.13 does
not require that the court's consent and approval of the defendant's waiver of his constitutional
right to jury trial be in writing. McCowan v. State, 739 S.W.2d 652, 654 (Tex. App.--Beaumont
1987, pet. ref'd); Andrews v. State, 636 S.W.2d 756, 757 (Tex. App.--Beaumont 1982, no pet.). 
"[T]he acceptance of the jury waiver and the entry of the guilty plea by the court in the prior
conviction used for enhancement purposes sufficiently evidences the court's consent and approval
to meet the requirements of article 1.13." Harmes v. State, 636 S.W.2d 513, 516 (Tex. App.--San
Antonio 1982, pet. ref'd). Accordingly, we overrule appellant's fourth point of error.



CONCLUSION


 Because we have overruled appellant's four points of error, we affirm the judgment
of the trial court.



 

 Jimmy Carroll, Chief Justice


Before Chief Justice Carroll, Justices Jones and B. A. Smith


Affirmed


Filed: November 8, 1995


Do Not Publish

1.   After examining whether the trial was essentially a fair one and determining that the
error was not such that it disrupted the jury's orderly evaluation of the evidence, the
Fuller court considered the error harmless and overruled the point of error. Fuller, 827
S.W.2d at 926-27.
2.   Article 2.01 states in pertinent part that "[i]t shall be the primary duty of all
prosecuting attorneys, including any special prosecutors, not to convict, but to see that
justice is done. They shall not suppress facts or secrete witnesses capable of establishing
the innocence of the accused." Tex. Code Crim. Proc. Ann. art. 2.01 (West Supp. 1995).


ly chose to believe Stimson's testimony over that of appellant's mother. Viewing
the evidence in the light most favorable to the prosecution, we find sufficient evidence in the
record to believe that the jury found the essential elements of the offense beyond a reasonable
doubt. We overrule appellant's third point of error.

 In his fourth point of error, appellant asserts that, at sentencing, the trial court
erred in admitting evidence of prior convictions necessary for enhancement. Specifically,
appellant claims that the trial court improperly overruled his objection to the enhancement
paragraphs. According to appellant, one of the pen packets submitted to the trial court as
evidence of a prior felony conviction for enhancement purposes, specifically cause number
40,150, was void because the waiver of his right to a jury trial in that case had not been signed
by the trial court. Appellant contends that, because the trial court failed to sign and date its
approval of the waiver, the requirements of article 1.13 of the Texas Code of Criminal Procedure
were not met. Thus, appellant argues that the conviction in cause number 40,150 was invalid and
that, as a result, the enhancement paragraphs in this case were improperly admitted.

 Article 1.13 reads as follows:



(a) The defendant in a criminal prosecution for any offense other than a capital
felony case in which the State notifies the court and the defendant that it will
seek the death penalty shall have the right, upon entering a plea, to waive the
right of trial by jury, conditioned, however, that such waiver must be made
in person by the defendant in writing in open court with the consent and
approval of the court, and the attorney representing the State. The consent
and approval by the court shall be entered of record on the minutes of the
court, and the consent and approval of the attorney representing the State
shall be in writing, signed by him, and filed in the papers of the cause before
the defendant enters his plea.


Tex. Code Crim. Proc. Ann. art. 1.13(a) (West Supp. 1995) (emphasis added). Article 1.13 does
not require that the court's consent and approval of the defendant's waiver of his constitutional
right to jury trial be in writing. McCowan v. State, 739 S.W.2d 652, 654 (Tex. App.--Beaumont
1987, pet. ref'd); Andrews v. State, 636 S.W.2d 756, 757 (Tex. App.--Beaumont 1982, no pet.). 
"[T]he acceptance of the