TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-99-00161-CR







Willie Reynolds, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT


NO. 0984284, HONORABLE THOMAS BLACKWELL, JUDGE PRESIDING (1)







 Appellant Willie Reynolds appeals his convictions for aggravated sexual assault of
a child (2) and indecency with a child. (3) The jury found appellant guilty of both offenses and the trial
court, finding the allegations about a prior robbery conviction to be true, assessed twenty years'
imprisonment in each case. The sentences are to run concurrently.


Issues


 Appellant advances three issues on appeal involving claims of ineffective assistance
of trial counsel. First, appellant urges that appointed trial counsel was ineffective when she
opened the door to an otherwise inadmissible videotape by the child complainant. Second,
appellant argues that he was denied the effective assistance of counsel when counsel failed to
preserve error for appeal by (1) not moving for a mistrial when certain evidence was excluded;
(2) not moving for a mistrial during jury argument; and (3) not filing a written motion for
continuance. Third, appellant asserts that cumulative error rendered his trial counsel ineffective. 
We shall consider all of the issues together and will affirm the judgments.


Facts


 Appellant does not challenge the legal or factual sufficiency of the evidence to
support the convictions. A brief recitation of the facts will place the issues in proper perspective. 
E.H., (4) the eleven-year-old complainant, testified that in January 1998 when she was ten years old, 
she lived with her mother, her siblings, and appellant, her mother's boyfriend. She testified that
appellant would come into her room at night, remove her clothing, touch her breasts, place his
hand inside her vagina, and kiss her vagina. Donna Hervey, the child's aunt, related that she
became suspicious about the child's behavior when appellant was present. She asked E.H.
whether anyone had touched her "privates," and the child made a tearful outcry regarding the
sexual abuse by appellant.

 Dr. Beth Nauert performed a vaginal examination of E.H. and testified that E.H.'s
hymen indicated a tear consistent with penetration of the vagina. The doctor related that E.H. had
stated that appellant had touched her breasts and put his hand inside her vagina. Austin Police
Officer Craig Miller testified that he executed the arrest warrant on appellant; that he first had
some difficulty obtaining entrance to the house; and that he eventually found appellant hiding
between a bed and the wall under bedding.

 The defense called Carla Umlauf-Cheeser, a caseworker with Children's Protective
Services, who visited with E.H. in mid-April 1998 after E.H. had been placed with her paternal
grandmother. E.H. told Umlauf-Cheeser that she could not be sure if appellant was the only
perpetrator. A man named "Kirby" also lived in the house, and E.H. wondered if "Kirby" had
committed the acts. On cross-examination, Umlauf-Cheeser testified that she felt E.H. was unsure
about her placement with her grandmother, her current relationship with her mother, and her
separation from her siblings. The witness thought E.H. was feeling guilty and uncertain about
her outcry.

 Alexandra Gauthier testified that she went with defense counsel to interview Donna
Hervey, E.H.'s aunt, who said E.H. told her (the aunt) that appellant touched E.H.'s private parts
when they were wrestling or appeared to be wrestling.

 Jeanne Vilim, a therapist with Travis County "M.H.M.R.," testified that she
interviewed E.H. and rated E.H. as moderately manipulative on a psychological evaluation. 
Appellant testified and denied all of the acts charged against him. He related that one particular
night the family watched a television program on child abuse which appeared on the "20/20"
show. He observed that E.H. became upset. Appellant admitted that he had previously been
convicted of aggravated robbery and assaults upon the complainant's mother and a "Mary" who
had lived for awhile at the house in question.

 In rebuttal, Linda Pecina testified that from time to time she stayed at the house in
question; that E.H. had told her that she (E.H.) did not like appellant; and that appellant would
come to her room and put his hand "inside her."


The Standard of Review


 The standard for appellate review of effectiveness of counsel, either retained or
appointed, was set out in Strickland v. Washington, 466 U.S. 668 (1984), and adopted in Texas
by Hernandez v. State, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986). This standard now applies
to both phases of a bifurcated trial. See Hernandez v. State, 988 S.W.2d 770, 772 (Tex. Crim.
App. 1999). (5) The claimant under the Strickland standard must prove that his counsel's
representation so undermined the "proper functioning of the adversarial process that the trial
cannot be relied on as having produced a just result." Strickland, 466 U.S. at 686. A defendant's
claim that counsel's assistance was so defective as to require reversal of a conviction has two
components. First, the convicted defendant must show that his counsel's performance was
deficient; second, he must show the deficient performance prejudiced the defense. See id. at 687.;
see also Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994).

 In order to show prejudice, the defendant must demonstrate that there is a
reasonable probability that but for counsel's deficient performance, the result of the proceedings
would have been different. See Jackson, 877 S.W.2d at 771; Valencia v. State, 946 S.W.2d 81,
83 (Tex. Crim. App. 1997).

 The defendant has the burden to prove a claim of ineffective assistance of counsel
by a preponderance of the evidence. See McFarland v. State, 928 S.W.2d 482, 500 (Tex. Crim.
App. 1996). If the defendant fails to make the required showing of either deficient performance
or prejudice, his claim must fail. See id.

 The review of a claim of ineffective assistance of counsel is highly deferential. See
Strickland, 466 U.S. at 689. We must indulge a strong presumption that trial counsel's conduct
falls within a wide range of reasonable representation and that the challenged action might be
considered sound trial strategy. See McFarland, 928 S.W.2d at 500. We assess the totality of
counsel's representation rather than his or her isolated acts or omissions. See Strickland, 466
U.S. at 689; Ramirez v. State, 987 S.W.2d 938, 943 (Tex. App.--Austin 1999, no pet. h.);
Oestrick v. State, 939 S.W.2d 232, 239 (Tex. App.--Austin 1997, pet. ref'd).


Videotape Statements


 In his first issue involving ineffective assistance of trial counsel, appellant claims
counsel by her actions opened the door to otherwise inadmissible videotaped statements of the
child complainant. At the hearing on the motion for new trial based solely upon ineffective
assistance of counsel, appellant's trial counsel testified. She stated that since there had been a
videotape made by the complainant she had filed a pre-trial motion or request to have a second
videotape made. See Tex. Code Crim. Proc. Ann. art. 38.071(2)(b) (West Supp. 2000). (6) The
motion was denied. Counsel thus assumed the original videotape was inadmissible in light of
article 38.071(2)(c). The child complainant testified at trial and was cross-examined. When the
prosecutor offered the videotape during the State's case in chief, the trial court sustained
appellant's objection "at this point." After counsel presented the defensive testimony, the State
offered the entire videotape of the complainant as a prior consistent statement "because they
alleged a recent fabrication since the statement was made." The trial court expressly admitted the
videotape under Rule 801(e)(1)(B) of the Texas Rules of Evidence over appellant's objection based
on article 38.071(2)(c).

 Counsel explained in her testimony that "[i]t didn't occur to" her that exercising
the cross-examination right of her client and presenting defensive testimony would open the door
to the admission of the videotape, which she believed was inadmissible for all purposes under
article 38.071(2)(c). Counsel was still of the opinion the trial court's ruling was in error. She
understood, however, there was an unidentified ruling to the contrary and confessed that she was
ineffective as counsel.

 Appellant advances no independent issue that the trial court erred in its evidentiary
ruling. All claims on appeal are directed to the issues of ineffective assistance of counsel. 
Appellant cites no authority and offers no argument that there was case law his trial counsel
ignored when "opening the door." The State cites no case law on the subject. Basing a claim of
ineffective assistance on case law that is unsettled at the time of the attorney's actions would be
to engage in improper hindsight examination of the ineffectiveness of counsel. See Vaughn v.
State, 931 S.W.2d 564, 567 (Tex. Crim. App. 1996).

 Moreover, from the record, it is obvious that appellant's trial counsel and the State
were aware that E.H., the complainant, had made a statement to a caseworker from a
governmental agency that a "Kirby" may have been the perpetrator. The State on direct and
appellant on cross-examination elicited from E.H. a denial that she made such a statement. 
Appellant's trial counsel was then faced with the decision of calling the caseworker as a defense
witness. Without the caseworker's testimony, the jury would never know of the earlier statement. 
Mere repetition of prior consistent statements may not always imply veracity. Cf. 4 Wigmore,
Evidence § 1126 at 259 (Chadbourn rev. 1972). Any error in trial strategy will be deemed
inadequate representation only if counsel's actions are without a plausible basis. See Anderson
v. State, 871 S.W.2d 900, 904 (Tex. App.--Houston [1st Dist.] 1994, no pet.). Appellant has not
shown that his trial counsel's conduct was deficient under the circumstances regarding the
admission of the videotape. Appellant has not sustained his burden of proof in this regard.


Failure to Preserve Error


(a)  Excluded Evidence

 In the second issue, appellant claims that his trial counsel failed to preserve three
errors for review on appeal thus denying him the effective assistance of counsel. First, appellant
urges that his trial counsel did not move for a mistrial after the trial court instructed the jury to
disregard the testimony of Dawn McLean, a district attorney's investigator. Appellant obviously
relies upon the proposition of law that to preserve error a motion for mistrial is necessary even
if the objection has been sustained and an instruction to disregard has been given to the jury;
otherwise, the party has obtained all the relief requested. See Delgado v. State, 986 S.W.2d 306,
310 (Tex. App.--Austin 1999, no pet.); see also Turro v. State, 950 S.W.2d 390, 405 (Tex.
App.--Fort Worth 1997, pet. ref'd) (citing Brooks v. State, 642 S.W.2d 791, 798 (Tex. Crim.
App. 1982)).

 McLean was called as a State's rebuttal witness. Over hearsay objections, McLean
testified that, upon the prosecutor's instructions, she had gone to the ABC television affiliate in
Austin and had been informed that there had been no sexual abuse episode shown on March 1,
1998 as claimed by appellant in his trial testimony. Later McLean received a fax letter from the
ABC News Videos stating that the 20/20 show was aired on March 2, 1998, but it did not contain
a sexual abuse story. Appellant's counsel's request for an instruction to disregard McLean's
testimony was overruled. After a short recess and before the next witness was called, the trial
court told the jury that "at the request of the defendant" they were instructed to disregard
McLean's testimony. At the hearing on the new trial motion, appellant's trial counsel testified
that she had not talked to the trial court during the recess, was confused at first about what motion
was being granted, and it "took my brain a while to catch up with what was going on." She
admitted that she failed to file a motion for mistrial after the trial court's ruling.

 Error may not be predicated upon a ruling that admits or excludes evidence unless
a substantial right of the party is affected. See Tex. R. App. P. 103(a). "A substantial right is
affected when the error had a substantial and injurious effect or influence in determining the jury's
verdict." King v. State, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997). Here, the trial court
admitted and then excluded McLean's testimony. The jury was instructed to disregard the
testimony. It is presumed that the jury followed the trial court's instructions.

 Appellant argues that McLean's testimony, although eventually excluded,
impeached appellant's testimony about the 20/20 television program on sexual abuse. Actually,
McLean only contradicted appellant's testimony as to the possible date of the program. Even if
appellant's counsel had made a motion for mistrial and preserved error for review, appellant
would not be entitled to relief. It is not ineffective assistance of counsel when an attorney fails
to preserve error which is not reversible error. See Matthews v. State, 960 S.W.2d 750, 753
(Tex. App.--Tyler 1997, no pet.).


(b)  Jury Argument

 Appellant also argues that the harm was compounded by the prosecutor's jury
argument referring to the excluded testimony and that trial counsel did not preserve error by
moving for a mistrial. (7) The prosecutor, in commenting on appellant's testimony, suggested
appellant only told the truth about things that he knew the State could prove, such as appellant's
prior convictions, where he lived off and on, etc. The record then shows:


And again, he's kind of cocky, oh, yeah, we watched this -- the very idea, we
watched this sexual abuse program on TV and I'm so protective of these children,
I told them Big Willie is going to protect you. Well, Big Willie there didn't think
that the State was going to be able to prove otherwise.


MS. DENERO:  Objection, Your Honor. That's in violation of the Court's order
that the jury disregard the inadmissible evidence.


THE COURT:  Ladies and gentlemen of the jury, any testimony of the witness
Dawn McLean will be disregarded by you.



 A close examination of the jury argument shows that the prosecutor never touched
on the date or dates of the television program which was the subject matter of McLean's
testimony. Nevertheless, the trial court in effect granted appellant's objection and carefully
instructed the jury to disregard. The prosecutor was within the permissible areas of jury argument
in his summation of the evidence and in making reasonable deductions therefrom. See Whiting
v. State, 797 S.W.2d 45, 48 (Tex. Crim. App. 1990). Appellant's counsel obtained an instruction
to disregard jury argument that was unobjectionable. Counsel cannot be faulted for failing to
move for a mistrial in order to preserve error. See Johnson v. State, 691 S.W.2d 619, 626 (Tex.
Crim. App. 1984). Appellant's claim in this regard is without merit.


(c)  Oral Motion for Continuance

 Appellant also contends that his defense was "thwarted by the missing testimony
of his former girlfriend," Dorothy Hervey, the complainant's mother. He argues that his trial
counsel was ineffective because she made a mid-trial oral motion for continuance based on the
witness's absence that did not preserve error for review because the motion was not a sworn
written motion.

 Here, appellant's trial counsel was faced with a subpoenaed witness who had failed
to appear and for whom a writ of attachment had been issued. Following the State's rebuttal
testimony, the trial court recessed from 10:30 a.m. to 1:00 p.m. to allow more time for the writ
of attachment to be served. Moreover, the trial court later permitted the deputy sheriff to testify
before the jury as to her unsuccessful efforts to find Dorothy Hervey. It was thereafter that trial
counsel made an oral motion for continuance until the witness could be found. The motion was
overruled.

 A motion for continuance made during trial that is not in writing and sworn to and
in compliance with article 29.13 of the Texas Code of Criminal Procedure will not preserve error
if it is denied. See Tex. Code Crim. Proc. Ann. arts. 29.03, 29.08, 29.13 (West 1989);
Matamoros v. State, 901 S.W.2d 470, 479 (Tex. Crim. App. 1995); White v. State, 982 S.W.2d
642, 646 (Tex. App.--Texarkana 1998, pet. ref'd); Mosley v. State, 960 S.W.2d 200, 206 (Tex.
App.--Corpus Christi 1997, no pet.).

 When the trial court overrules a motion for continuance in proper form and based
on an absent witness, the only means of preserving error is a motion for new trial. See Taylor
v. State, 612 S.W.2d 566, 569 (Tex. Crim. App. 1981); Hackleman v. State, 919 S.W.2d 440,
452 (Tex. App.--Austin 1996, pet. ref'd untimely filed).

 Even if appellant's counsel had made a sworn written motion for continuance on
the basis of an absent witness, had it overruled, and followed with a motion for new trial claiming
the trial court erred in its ruling, no error would be shown here. The refusal of a motion for
continuance lies within the sound discretion of the trial court. See Collier v. Poe, 732 S.W.2d
332, 334 (Tex. Crim. App. 1987). Such refusal is reversible only for abuse of discretion. See
Hackleman, 919 S.W.2d at 452. Here, there was no showing that the witness, still missing at the
time of the hearing on the motion for new trial, would have been available had the continuance
been granted. See Spencer v. State, 503 S.W.2d 246, 248 (Tex. Crim. App. 1974); Franklin v.
State, 858 S.W.2d 537, 539-40 (Tex. App.--Beaumont 1993, pet. ref'd). Further, there is no
showing that the witness would have testified to something material to the case as a rebuttal
witness. See Rodriguez v. State, 896 S.W.2d 203, 207 (Tex. App.--Corpus Christi 1994, no
pet.). (8)

 In order for counsel's failure to preserve error to have been ineffective assistance,
appellant must demonstrate that the trial court would have erred in refusing a sworn written
motion for continuance made during trial. See Vaughn v. State, 888 S.W.2d 62, 74 (Tex.
App.--Houston [1st Dist.] 1994), aff'd, 931 S.W.2d 564, 566 (Tex. Crim. App. 1996). This
appellant did not do. There is no showing that the trial court would have abused its discretion in
overruling such written motion.

 The Strickland standard has never been interpreted to mean that an accused is
entitled to errorless or perfect counsel. See Bridge v. State, 726 S.W.2d 558, 571 (Tex. Crim.
App. 1986).


Cumulative Error


 Additionally, appellant urges that, even if each of the alleged errors of counsel
standing alone would not warrant relief, the combined impact of the errors would undermine the
confidence in the outcome of the trial. See Greene v. State, 928 S.W.2d 119, 126 (Tex. App.--San
Antonio 1996, no pet.) (citing Ex parte Welborn, 785 S.W.2d 391, 396 (Tex. Crim. App. 1990)). 
Greene is easily distinguished from the instant case on the facts and on the type of errors on the
part of counsel claimed and proven. We reject appellant's cumulative error argument.


Discussion


 Unless an appellant establishes both prongs of the Strickland test (deficient
performance and the resulting prejudice), it cannot be said that the conviction resulted from a
breakdown in the adversary process that renders the result unreliable. See Strickland, 466 U.S.
at 687; Oestrick, 939 S.W.2d at 237. Judicial scrutiny must be highly deferential in determining
whether counsel's performance was deficient. A reviewing court must indulge a strong
presumption that counsel's representation falls within the wide range of reasonable professional
assistance. See Strickland, 466 U.S. at 689. We cannot isolate one portion of counsel's
representation but must look at the totality of the representation. See McFarland v. State, 845
S.W.2d 824, 843 (Tex. Crim. App. 1992).

 At the hearing on the motion for new trial, appellant's trial counsel testified that
she had been practicing law for ten years, was a graduate of the University of Texas School of
Law, had worked for the Texas Court of Criminal Appeals, had been an assistant district attorney,
was board certified in criminal law by the Board of Legal Specialization of the State Bar of Texas, 
specialized in criminal and juvenile defense cases in her private practice she , and had qualified
for inclusion on the approved attorney list for court appointment in felony cases in Travis County.

 In the instant case, counsel filed a number of pre-trial motions, actively participated
in the jury trial, cross-examined the State's witnesses, presented defense witnesses, and made a
jury argument. The record shows that the State had offered a plea bargain of thirty years'
imprisonment on each charge. Appellant and counsel rejected the plea offer and went to trial. 
The trial court assessed twenty years' imprisonment on each count after finding the allegations of
a prior conviction to be true. While counsel's testimony about her performance was demeaning,
the record does not show ineffective assistance when the totality of the representation is
considered. The two-pronged Strickland test was not met. The three issues are all overruled.

 The judgments are affirmed.



 

 John F. Onion, Jr., Justice

Before Justices Kidd, Patterson and Onion*

Affirmed

Filed: March 30, 2000

Do Not Publish







* Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by
assignment. See Tex. Gov't Code Ann. § 74.003(b) (West 1998).
1. Judge Mike Lynch signed the judgments of conviction, but Judge Blackwell was the trial
judge.
2. See Act of May 28, 1997, 75th Leg., R.S., ch. 1286, § 2 , 1997 Tex. Gen. Laws 4911
(Tex. Penal Code § 22.021(a)(1)(B) since repealed and codified as Tex. Penal Code Ann.
§ 22.021(a)(1)(B) (West Supp. 2000)).
3. See Act of May 29, 1993, 73d Leg., R.S., ch. 900, § 1.01, 1993 Tex. Gen. Laws 3586,
3616 (Tex. Penal Code § 21.11(a)(2) since repealed and codified Tex. Penal Code Ann. § 21.11
(West Supp. 2000)).
4. E.H. was also referred to in the record as E.M. and E.H.M.
5. Ex parte Duffy, 607 S.W.2d 507, 516 (Tex. Crim. App. 1980), has been overruled. See
Hernandez, 988 S.W.2d at 772.
6. Article 38.071, Sections (1) and (2)(a)(b)(c) (West Supp. 2000), provide in pertinent
part:


Sec. 1. This article applies only to a proceeding in the prosecution of an
offense defined by any of the following sections of the Penal Code if the
offense is alleged to have been committed against a child 12 years of age or
younger and if the trial court finds that the child is unavailable to testify at the
trial of the offense, and applied only to the statements or testimony of that
child:


(1) Section 21.11 (Indecency with a Child);

 . . .


(4) Section 22.021 (Aggravated Sexual Assault);


Sec. 2. (a) The recording of an oral statement of the child made before the
indictment is returned or the complaint has been filed is admissible into
evidence if the court makes a determination that the factual issues of identity
or actual occurrence were fully and fairly inquired into in a detached manner
by a neutral individual experienced in child abuse cases that seeks to find the
truth of the matter.


 (b) If a recording is made under Subsection (a) of this section and
after an indictment is returned or a complaint has been filed, by motion of the
attorney representing the state or the attorney representing the defendant and
on the approval of the court, both attorneys may propound written
interrogatories that shall be presented by the same neutral individual who
made the initial inquiries, if possible, and recorded under the same or similar
circumstances of the original recording with the time and date of the inquiry
clearly indicated in the recording.


 (c) A recording made under Subsection (a) of this section is not
admissible into evidence unless a recording made under Subsection (b) is
admitted at the same time if a recording under Subsection (b) was requested
prior to time of trial.
7. See Vasquez v. State, 830 S.W.2d 829, 830 (Tex. App.--Corpus Christi 1992, pet. ref'd).
8. At the hearing on the motion for new trial, appellant's trial counsel testified that she had
a pre-trial interview with Dorothy Hervey, whom she knew had a criminal record. Counsel
testified that Hervey's testimony "would have further degraded the credibility of the complaining
witness . . . in general," could have confirmed the evidence already in the record that no first 
outcry was made by the complainant to her (Hervey), could have testified to the "general"
character of appellant insofar as admissible, and could have established that the complainant made
a false statement in 1995 long prior to the January 15, 1998 offense, a matter the trial court had
ruled was not relevant. Moreover, there was no showing that Dorothy Hervey was a fact witness.



d, Patterson and Onion*

Affirmed

Filed: March 30, 2000

Do Not Publish







* Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by
assignment. See Tex. Gov't Code Ann. § 74.003(b) (West 1998).
1. Judge Mike Lynch signed the judgments of conviction, but Judge Blackwell was the trial
judge.
2. See Act of May 28, 1997, 75th Leg., R.S., ch. 1286, § 2 , 1997 Tex. Gen. Laws 4911
(Tex. Penal Code § 22.021(a)(1)(B) since repealed and codified as Tex. Penal Code Ann.
§ 22.021(a)(1)(B) (West Supp. 2000)).
3. See Act of May 29, 1993, 73d Leg., R.S., ch. 900, § 1.01, 1993 Tex. Gen. Laws 3586,
3616 (Tex. Penal Code § 21.11(a)(2) since repealed and codified Tex. Penal Code Ann. § 21.11
(West Supp. 2000)).
4. E.H. was also referred to in the record as E.M. and E.H.M.
5. Ex parte Duffy, 607 S.W.2d 507, 516 (Tex. Crim. App. 1980), has been overruled. See
Hernandez, 988 S.W.2d at 772.
6. Article 38.071, Sections (1) and (2)(a)(b)(c) (West Supp. 2000), provide in pertinent
part:


Sec. 1. This article applies only to a proceeding in the prosecution of an
offense defined by any of the following sections of the Penal Code if the
offense is alleged to have been committed against a child 12 years of age or
younger and if the trial court finds that the child is unavailable to testify at the
trial of the offense, and applied only to the statements or testimony of that
child:


(1) Section 21.11 (Indecency with a Child);

 . . .


(4) Section 22.021 (Aggravated Sexual Assault);


Sec. 2. (a) The recording of an oral statement of the child made before the
indictment is returned or the complaint has been filed is ad