Opinion filed August 23, 2007


















 
 
  
 
 







 
 
  
 
 




Opinion filed August 23, 2007

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-06-00159-CR

                                                     __________

 

                                DALE
ROBERT SANCHEZ, Appellant

                                                             V.

                                        STATE
OF TEXAS,
Appellee

 



 

                                             On
Appeal from the 244th District Court

                                                             Ector County, Texas

                                                    Trial
Court Cause No. C-32,482

 



 

                                                                   O
P I N I O N      

 

Dale Robert Sanchez appeals his conviction by a
jury of the offense of driving while intoxicated, subsequent offense.  The jury assessed his punishment at eight
years imprisonment in the Texas Department of Corrections, Institutional
Division.  In three issues, Sanchez
contends that the evidence is insufficient to support his conviction, that the
trial court erred by overruling his objection to an argument by the prosecutor,
and that the trial court erred by overruling his motion for mistrial after
sustaining his objection to another argument by the prosecutor.  We affirm.








Sanchez urges in issue one that the evidence is
insufficient to support his conviction. 
In order to determine if the evidence is legally sufficient, the
appellate court reviews all of the evidence in the light most favorable to
the verdict and determines whether any rational trier of fact could have
found the essential elements of the crime beyond a reasonable doubt.  Jackson v. Virginia,
443 U.S.
307, 319 (1979).  To determine if the
evidence is factually sufficient, the appellate court reviews all of the
evidence in a neutral light. Watson v. State, 204 S.W.3d 404, 414 (Tex.
Crim. App. 2006) (overruling in part Zuniga v. State, 144 S.W.3d 477
(Tex. Crim. App. 2004)); Johnson v. State, 23 S.W.3d 1, 10-11 (Tex.
Crim. App. 2000); Cain v. State, 958 S.W.2d 404, 407-08 (Tex. Crim. App.
1997); Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996). Then,
the reviewing court determines whether the evidence supporting the verdict is
so weak that the verdict is clearly wrong and manifestly unjust or whether the
verdict is against the great weight and preponderance of the conflicting
evidence. Watson, 204 S.W.3d at 414-15; Johnson, 23 S.W.3d at
10-11.

In his discussion of the issue, Sanchez only
questions the sufficiency of the evidence to show that he had been previously
convicted of driving while intoxicated as alleged in the indictment.  The indictment alleged that he had previously
been convicted of the offense of being intoxicated while he was operating a
motor vehicle in a public place in Cause Number D-27,194 in the 358th District Court of Ector County
on February 1, 1999, and in Cause Number 3080 in the 109th District Court of
Andrews County on January 30, 1996.

Vicki Drennan, a deputy in the Ector County
Sheriff=s Office,
testified that fingerprints she had taken of Sanchez a few hours before trial
matched fingerprints in State=s
Exhibits 2 and 3, which represent the judgments in the two prior convictions
alleged.  She testified that she had
recently received forty hours of training through the D.P.S.
Academy in Austin for basic fingerprint comparison.  She said during that week of training she
compared over 50,000 fingerprints.

Sanchez suggests that the State failed to show
that she was qualified to make the fingerprint comparison because she testified
that she did not consider herself to be an expert and because she did not have
any field experience.  He also noted her
testimony that she liked to have fourteen points of comparison when, with
respect to one of the prior convictions, she had only eight.








Deputy Drennan testified that, with respect to
both prior convictions, she found only seven points of comparison and that she
could locate more.  When counsel asked, ABut you didn=t,@ she replied, ANo,
that=s why I
asked how many he would like me to find.@  Counsel replied, AYou
asked him, you are the expert, right?@  Deputy Drennan responded, AExcuse me, you qualify me as an expert,
correct?@  After the trial court admonished Deputy
Drennan to just answer the question, counsel asked, AYou=re the expert, right?@ 
Deputy Drennan answered, AI
don=t consider myself an expert.@ 
A close reading shows that the issue was not Deputy Drennan=s status as an expert in comparing
fingerprints but her status as an expert in determining how many points of
comparison the district attorney needed for court.  Even if she were saying that she was in her
own opinion not an expert in fingerprint comparison, the court was free to find
that she was an expert based upon her complete testimony as to her
qualifications.  

In support of his contention that Deputy Drennan=s credentials were insufficient to
qualify her as an expert, Sanchez relies upon the case of Holloway v. State,
613 S.W.2d 497 (Tex. Crim. App. 1981). 
We find Holloway to be distinguishable.  In Holloway, the court reversed the
judgment because of the trial court=s
decision allowing the testimony of a psychiatrist when the sole basis for the
psychiatrist=s opinion
was unreliable.  Id. at 503.  In its opinion, the court noted that the
psychiatrist=s
testimony was not admissible merely because he had professional credentials or
occupational status in a calling that relates to the matter in question.  Id. at 501.  Instead, the court noted that it must be
shown that the expert possesses special knowledge upon the specific matter
about which his or her expertise is sought. 
Id.  In Holloway,
the psychiatrist was seeking to testify about the probability of the defendant=s future conduct based upon information
that was not shown to be reliable without having examined the defendant.  In the case at bar, the witness had examined
the fingerprints in issue, and while she would have liked to have more points
of comparison between the prints located in the records of the prior
convictions and the prints she had taken from Sanchez, she was comfortable in
her opinion based upon the points of comparison that she did have.  We hold that the evidence is sufficient to
show that Sanchez was previously convicted as alleged in the indictment.  We overrule issue one.

Sanchez urges in issue two that the trial court
erred in overruling his objection to the prosecutor=s
argument at the guilt/innocence phase that included the question, AWould you feel comfortable having your
children get in the vehicle with him?@  In order to be proper, an argument must fall
within one of the following four categories: 
(1) summation of the evidence; (2) reasonable deduction from the
evidence; (3) answer to argument of opposing counsel; and (4) plea for law
enforcement.  Holberg v. State, 38
S.W.3d 137, 141 (Tex. Crim. App. 2000); Alejandro v. State, 493 S.W.2d
230, 231-32 (Tex. Crim. App. 1973).








In his final argument to the jury at the
guilt/innocence phase of the trial, Sanchez=s
counsel argued that Athe
manual@
indicates that there is a one in five chance of somebody failing all three
sobriety tests miserably who is sober. 
He then argued, AWould
you feel comfortable getting in your car going home tonight if somebody told
you the brakes are going to fail one out of five times?  You should feel no more comfortable sending
my client to prison if there=s
one in five chances of you being wrong.@  In his response, the prosecutor argued,

[T]hen
he asks, would you feel comfortable sending the Defendant to prison.  Let me ask the question another way, based on
all the evidence you=ve
heard in this case, in particular, the Defendant=s
performance on that video tape, on the Walk and Turn Test, would you feel
comfortable getting in the vehicle with him that night, with him driving?  Would you feel comfortable having your
children get in the vehicle with him?  

 

Inasmuch as counsel for Sanchez raised the issue
as to whether the jury would be comfortable in its verdict, we hold that the
State=s
argument was an answer to argument of opposing counsel.  Therefore, the trial court did not err in
overruling the objection to the State=s
argument.  We overrule issue two.  

Sanchez insists in issue three that the trial
court erred by failing to grant his motion for mistrial after sustaining his
objection to the State=s
argument:  A[I]f
something is not done now, strongly, somebody could be killed.  We=ve
seen it happen.@  We agree with the State that the prosecutor
was merely arguing that people are sometimes killed by those who drive while
intoxicated.  That being common
knowledge, the argument was not improper. 
Vasquez v. State, 830 S.W.2d 829, 830 (Tex. App.CCorpus Christi 1992, pet. ref=d). 
We note that even Sanchez testified that he realized that every time he
gets behind the wheel after drinking that someone could be killed, including
himself.  We reject Sanchez=s argument that the prosecutor was
suggesting that the prosecutor had facts showing that Sanchez had already
killed someone in the past due to his drunk driving.  We overrule issue three.

The judgment is affirmed.

 

PER CURIAM

August 23, 2007

Do not publish.  See
Tex. R. App. P. 47.2(b).

Panel
consists of: McCall, J., 

Strange,
J., and Hill, J.[1]











[1]John G. Hill, Former Justice, Court of Appeals, 2nd
District of Texas at Fort Worth sitting by assignment.